CHARLES DAVIS & others *vs.* DANIEL A. SIGOURNEY.
DAVID NAAR *vs.* THE SAME

Although an unrevoked will, which is lost or destroyed, may be admitted to probate, upon parol proof of its contents, yet it will not be so admitted, unless the evidence of its whole contents is most clear and satisfactory.

APPEALS from a decree of the judge of probate, approving and allowing the last will of Charles Davis, late of Roxbury,

and granting letters testamentary to the appellee, who was named as executor of said will. The case is fully stated in the opinion of the court.

WILDE, J. The original will was not produced in the probate court, but evidence was there given of the existence of the will, and that the same had been duly executed by the testator, and had been lost or destroyed without having been revoked by him.

An alleged copy of the substance of the will was then propounded, as supported by the deposition of David A. Simmons, Esq.. who drew the will, and who testifies as to its contents. Admitting that the evidence of the due execution of the will, and of its loss or destruction, is sufficient and satisfactory, the question is, whether there is full and satisfactory evidence of its contents.

We do not doubt that parol evidence of the contents of a will lost or mislaid may be received. Such secondary evidence is admissible in cases of deeds and records lost or destroyed, and wills have been established on the same evidence. Although, where the existence of a will is proved, but which cannot be found after the death of the testator, the presumption is, that it was destroyed by him *animo revocandi,* yet this presumption may be rebutted by evidence. *Legare* v. *Ashe,* 1 Bay, 464. *Davis* v. *Davis,* 2 Addams, 223. *Clark* v. *Wright,* 3 Pick. 67. *Bowen* v. *Idley,* 1 Edw. Ch. 148, and 11 Wend. 227. *Thornton's case,* 2 Curteis, 913. 1 Williams on Executors, (1st ed.) 209, 210. But if the presumption is rebutted, the contents of the will cannot be proved, unless by the clearest and most stringent evidence. *Huble* v. *Clark,* 1 Hagg. Eccl. Rep. 115 Such is not the evidence in the present case.

We have no doubt that Mr. Simmons has stated truly the contents of the will offered for probate, in the copy prepared by him, according to his best recollection. But in several particulars he does not testify with certainty. In his deposition, he testifies that he was the legal counsel of the testator, and, in 1834, prepared a will, which was executed by him, but which was cancelled in 1837, when he executed a new will, and after-

wards executed a codicil or codicils to this latter will; and that, in 1840, the witness prepared a new will, at the request of the testator, which was never executed.

The witness, having in his possession the will of 1834, a rough draft of the will of 1837, and the will drawn by him in 1840, undertakes, from these materials, and from his recollection, to testify as to the contents of the will of 1837, and the codicil or codicils thereto, according to a copy of the substance thereof prepared by him. By this copy, it appears that there was bequeathed to the testator's two unmarried daughters the sum of $1500 each. The witness testifies that he thinks that was the sum ; and when interrogated how clear was his recollection, he answers, "if I have any doubt, it is a very slight one, and I do not wish to be any more confident than I have already expressed." He also testifies that there may have been some slight alterations between the will of 1837 and the rough draft ; but he does not remember any. He says it was mainly so ; and when asked whether it differed in any point, he answers, " I do not remember, at this moment, that it did, but I cannot be positive." He testifies that the rough draft was an outline prepared to be shown to the testator, and if he should have made any suggestion of an alteration, it would, of course, have been made.

The witness is equally uncertain to what extent he followed the will of 1837, and the codicil or codicils, in making the will of 1840.

In the will of 1834, the devises to the daughters, of their shares in the real estate, were in fee simple; whereas, in the will proved in the probate court, the shares of the daughters are given to them for life, with remainder to their descendants. And as to this alteration, Mr. Simmons testifies that he does not distinctly remember that it was made by the direction of the testator, though he had no doubt that it was.

Upon such doubtful evidence, the court cannot feel justified in confirming the decree of the judge of probate establishing this will. To authorize the probate of a lost will, by parol proof of its contents, depending on the recollection of witnesses

the evidence must be strong, positive, and free from all doubt
Courts are bound to consider such evidence with great caution,
and they cannot act on probabilities. · Now, as to some parts
of this will, the witness, who testifies to its alleged contents,
will not swear positively ; and this we consider an insuperable
objection to the probate of the whole will.   It is not such a will
as may be proved in part and. disproved in part.   The testa-
tor undertook to make a distribution of his estate, in certain
shares, between his wife and children ; and, unless the whole
can be proved, his intention will not be effectuated, and there-
fore no part of the will can be established.*

.                    *Decree reversed*

*B. R. Curtis & Clarke*, for the appellants.
*C. G. Loring & Goodrich*, for the appellee.

---

* A similar decision was made at Boston, January 23d 1845, in a case
pending in the county of Bristol, namely,

NATHAN DURFEE & others *vs.* MATTHEW C. DURFEE.

THIS was an appeal from a decree of the judge of probate, refusing to ap
prove and allow the last will of Bradford Durfee.

 It appeared that said Bradford executed a will, which had been destroyed
by the great fire in Fall River, in July 1843.   The scrivener who wrote the ·
will, and was present when it was executed, exhibited a paper, which he
stated to be a copy, so far as he could recollect, of the original.   But, as he
could not swear positively that every provision of the original was contained
in the copy, the court ordered the decree to be affirmed.

*Coffin & Holmes*, for the appellants.
*C. H. Warren & Eliot*, for the appellee.