## ELIZABETH A. GEMMELL V. CYRUS WILSON.

WILL—*Proof in Foreign State—Certified Copy—Evidence.* Where a will is made in another state, and duly proved and recorded in such state, a certified copy thereof, duly authenticated, is entitled to record in any county in this state where land is situated affected by said will; and where such certified copy, duly authenticated, is of record in the probate court, it will be presumed that it was recorded under the order of the probate court, and the record of the probate court containing such will is admissible as evidence.

*Error from Chase District Court.*

EJECTMENT, brought by *Gemmell* against *Wilson*, for the northeast quarter of section 20, township 20, range 9 east, Chase county. On the trial, at the July term, 1884, plaintiff introduced evidence showing title in Robert H. Ives, plaintiff's testator, and offered in evidence an authenticated copy of the last will and testament of the said Robert H. Ives, and the several pages on the record of wills of Chase county containing the record of said will, and the several certificates in authentication of the same, as the same had been recorded by the judge of the probate court of Chase county. To the introduction of this will and record the defendant objected, for the reason that the record and certificates do not show that the probate court of Chase county made and entered an order admitting said authenticated copy to record in said county. This objection was sustained by the court, and judgment rendered for the defendant. The plaintiff brings the case here.

*Keller & Dean,* for plaintiff in error.

*John V. Sanders,* for defendant in error.

Opinion by CLOGSTON, C.: The one question presented is, Did the court err in excluding a certified copy of the will, and the record of the probate court of the same in Chase county? Plaintiff, to establish a chain of title, offered a certified copy of the will of Robert H. Ives, and the authentication of the

same, and the record of said will and authentication in Chase county. This will and the record, if admitted in evidence, would establish title in the plaintiff. The only objection urged against its admission is that the probate court of Chase county made no order directing the will to be recorded in Chase county. The will was made in the state of Rhode Island, and duly proved and admitted to probate in that state, and the certified copy of the will recorded in Chase county was duly authenticated under the acts of congress, and was entitled to be of record in Chase county, and when of record a certified copy was competent evidence in place of the original will. Section 24 of chapter 117, in relation to wills, is as follows:

"SEC. 24. Authenticated copies of wills, executed and proved according to the laws of any state or territory of the United States, relative to any property in this state, may be admitted to record in the probate court of any county in this state where any part of such property may be situated; and such authenticated copies, so recorded, shall have the same validity as wills made in this state, in conformity of the laws thereof. When any such will or authenticated copy has been or shall hereafter be admitted to record in the probate court of any county in this state where any part of such property may be situated, a copy of such recorded will, with a copy of the order to record the same, annexed thereto, certified by the probate judge under the seal of his court, may be filed and recorded in the office of the probate court of any other county in this state where any part of such property is situated; and it shall be as effectual in all cases as the authenticated copy of said will would be if proved and admitted to record by the court."

Under the provisions of this section, this will was recorded in Chase county. This section makes no provision for any preliminary proof or order of the probate judge to entitle it to record. It provides that a certified copy of the will, duly authenticated, made in any other state in the United States, may be admitted to record in any county of this state where any part of the property affected by the will may be situated. Now it is conceded that the property in controversy was affected by this will, and that the will was properly made,

Gemmell v. Wilson.

properly probated, and properly authenticated. This was all that was necessary to entitle it to record.

Counsel insist that the last part of this section, which provides that where land is situated in different counties in this state, affected by the will, and it has been once placed of record in any county in the state, that then a certified copy, with a copy of the order admitting it to probate, may be filed in any such county where land affected by the will is situated; and from this he reasons that if no order was made in Chase county in the first instance admitting this will to record, then if the will affected other lands in other counties, no certified copy of the order could be made, as provided for by the last part of the section. With any apparent contradiction there may be in this statute, we have nothing to do. The question here involved pertains to the first part of the section alone. It is the first recording of a will made in a foreign state that we have to do with, and as this statute makes no provision for any preliminary order or proof, no such technical construction will be given it as will so enlarge its powers. Even if the statute provided for such preliminary order, it would be purely a technical question, and while perhaps one that would require enforcement, yet where such a provision does not appear in the section, none will by implication be placed therein. (*Wilt v. Cutler*, 38 Mich. 189.)

We are therefore of the opinion that the court erred in excluding the certified copy of the will and the record of the probate court of Chase county, and recommend that the action be reversed, and remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.