P. H. ALBRIGHT *et al.* v. MILTON A. BANGS *et al.*

No. 14,360.    (83 Pac. 1030.)

SYLLABUS BY THE COURT.

EXECUTORS AND ADMINISTRATORS—*Sale of Real Estate by Foreign Administrator de bonis non—Validity.* Where a non-resident dies testate in another state owning property in Kansas, and the executors named in the will are appointed and qualify as such in the other state, and letters testamentary are afterward issued to the same persons in Kansas, an administrator *de bonis non* who is appointed in the foreign state on account of the death of one executor and the removal of the other is not thereby made the successor in trust of the executors under their Kansas appointment so far as to enable a Kansas court to permit him to sell real property to pay debts of the estate under an order previously granted to the executors, without the giving of a new notice by the administrator of his application for such authority. A sale made by the administrator without such notice is void, and a deed made under it constitutes no defense to an action of ejectment brought by the devisees or their successors in interest.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed December 9, 1905. Affirmed.

*G. H. Buckman,* for plaintiffs in error; *O. P. Fuller,* of counsel.

*Hackney & Lafferty,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: Soranus L. Bretton died testate in Illinois in 1881. The will was duly probated in the county court of Rock Island county, Illinois, and the two persons whom it named as executors were appointed and qualified as such. These executors then represented to the probate court of Cowley county, Kansas, that at the time of his death the testator owned certain real and personal property in that county, and asked that the will be there admitted to probate and that they be granted letters testamentary that they might proceed in the management of the part of the estate found in Kansas. An order was made admitting the will to record upon the strength of its having been approved by the Illinois court, and letters testamentary were granted to the executors, who gave the bond and took the oath required by the Kansas statute and entered upon the performance of their duties in this state. In 1883 they filed in the Cowley county probate court a petition for leave to sell real estate situated in that county for the payment of debts. Notice of a hearing thereon was properly given, and an order was made authorizing the executors to sell certain tracts of land for that purpose at private sale. A number of tracts were accordingly sold, the sales were confirmed, and deeds were executed. On June 3, 1886, the court ordered that no more of the real estate should be sold until a reappraisement should be made and until the court should direct further proceedings under the order of sale already made.

For more than twelve years nothing further was done to subject the real estate remaining unsold to the payment of debts. On August 30, 1898, Burton F. Peek made a showing in the probate court of Cowley county that the Illinois court having jurisdiction of the Bretton estate had appointed him administrator de bonis non with the will annexed, on account of one

executor's having died and the other's having refused to act and being disqualified by non-residence in Illinois. He asked the Kansas court to make an order recognizing him as such administrator, with authority to sell real estate in the manner prescribed by law. An order was accordingly made recognizing him as such administrator, confirming his appointment by the Illinois court, and approving the bond which had been there given.

This administrator then presented an application to the Cowley county probate court representing that an indebtedness against the estate remained unpaid, reciting that the order of sale made fifteen years before was still in force, and asking that appraisers be appointed to appraise enough real estate to satisfy such debt. Appraisers were named, appraisements were had, a tract of land was sold, the sale was confirmed, a deed was ordered and executed, and the purchaser went into possession. Thereafter several conveyances of the property were made, the last grantees being Grant Stafford and P. H. Albright. In 1902 an action was brought by the Bretton devisees against Stafford and Albright for the recovery of the possession of this land, under the claim that the administrator's sale was absolutely void and passed no title. They recovered a judgment, from which the defendants prosecute error.

The administrator, Peek, gave no notice of the hearing of the petition presented by him for an order authorizing the sale of real estate, and the sale was obviously void on this account unless the proceedings taken by him can be regarded as a continuation of those begun by the executors. They were manifestly so considered by him, and so treated by the probate court. The only question that need be determined here is whether the two proceedings were so connected that the jurisdiction to authorize sales of real estate acquired by the probate court in virtue of the notice given by the executors remained with the court

so as to warrant the making of an order, without further notice, for the administrator to sell lands covered by the original notice and order.

It is not doubted that an order made upon due notice for the sale of real estate by an executor or administrator is sufficient to authorize a sale by his successor in trust (18 Cyc. 726, 758), but the vital inquiry here is whether for this purpose Peek, the administrator *de bonis non,* was the successor of the executors who gave the notice and to whom the original order of sale was granted. In the investigation of this question it is necessary to observe carefully the different steps that were taken and the statutory provisions by which they were respectively authorized. In this connection it is first to be noted that there are two separate and distinct methods under our statute by which real property in this state may be sold to satisfy the debts of a non-resident testator. One of them is that provided in sections 7962 to 7965, inclusive, of the General Statutes of 1901. Under this method, when a will has been duly proved in another state, upon the production by the executor or other interested person of an authenticated copy of the will and probate thereof the probate court of any county in this state in which there is property upon which the will may operate may admit it to record. (Section 7963.) Section 7965 reads:

"After allowing and admitting to record a will pursuant to the four preceding sections of this act, the court may grant letters testamentary thereon, or letters of administration with the will annexed, and may proceed in the settlement of the estate that may be found in this state; and the executor taking out letters, or the administrator with the will annexed, shall have the same power to sell and convey the real and personal estate, by virtue of the will or the law, as other executors or administrators with the will annexed shall or may have by law."

It will be noticed that the section quoted contemplates the actual appointment by a Kansas court of

an executor or administrator who shall be subject to the control of that court in all things.

The other method referred to is described in sections 2950 and 2951 of the General Statutes of 1901. Section 2950 reads as follows:

"When an executor or administrator shall be appointed in any other state, territory or foreign country on the estate of any person dying out of the state, and no executor or administrator thereon shall be appointed in this state, the foreign executor or administrator may file an authenticated copy of his appointment in the probate court of any county in which there may be any real estate of the deceased; after which he may be authorized under an order of the court to sell real estate for the payment of debts or legacies and the charges of administration, in the same manner and upon the same terms and conditions as are prescribed in the case of an executor or administrator appointed in this state, except as hereinafter provided."

Section 2951 provides that if the bond already given by the foreign executor or administrator be found sufficient he shall not be required to give any further security; that otherwise he must give an undertaking properly to account for the proceeds of all sales he may make, according to the laws of the state in which he was appointed. It is to be noticed that these sections do not contemplate the appointment of a Kansas executor or administrator or any appointment in Kansas whatever; they merely relate to the recognition, for the purpose of effecting the sale of real estate situated in Kansas, of an appointment made elsewhere.

In the present case the executors proceeded under the first stated of these two methods. They did not ask that the Kansas court should authorize them to sell real estate in virtue of their having qualified as executors in Illinois. They were appointed as executors for Kansas, amenable to the Kansas courts and the Kansas laws in all things, and they gave bond and took their oaths as Kansas executors. The circumstance that they had already been appointed execu-

tors in Illinois is a mere incident. It was not essential to their appointment in Kansas. Indeed, it would appear that, since the statutes of Illinois and of Kansas alike forbid the appointment of a non-resident executor, no one could properly qualify as an executor in both states.

On the other hand, the administrator proceeded under the second method. He did not seek to be, nor was he, appointed as a Kansas administrator. He merely asked to have the appointment that had already been made in Illinois recognized by the Kansas court, so that he might as an Illinois administrator sell Kansas real estate under the supervision of a Kansas court.

As appears by section 2950, *supra,* this could be done only upon the theory that no executor or administrator had been appointed in Kansas. Executors had been appointed in Kansas. One of them had died. The other, although removed by the Illinois court because he was not a resident of Illinois, may have been still qualified to act in Kansas, so far as the record discloses. In order for the Cowley county probate court to have had jurisdiction to permit the foreign administrator to sell Kansas real estate the executors already appointed must have been disposed of in some way. Perhaps to sustain the acts of the court it may be assumed that the surviving executor had been removed by the Kansas court as well as by that of Illinois, and that the situation therefore became the same, so far as related to sales of real estate by a foreign administrator, as though no executor or administrator had been appointed in Kansas. In that view of the matter the administrator *de bonis non,* in virtue of his appointment in Illinois, might have been authorized to sell real estate in Kansas "in the same manner and upon the same terms and conditions as are prescribed in the case of an executor or administrator appointed in this state." But to procure an order for that purpose it was essential that he should give notice. He could not avail himself of the notice given by the ex-

Zinc Co. v. Burtiss.

ecutors fifteen years before, for he was not their successor in this matter—he did not succeed them in the capacity in which they had acted in giving the notice and obtaining the order of sale. He may have been, and doubtless was, the successor of the executors so far as related to their appointment and qualification in Illinois, but he was not their successor in respect to their appointment and qualification in Kansas. The notice they gave and the order they procured from the Kansas court were solely in virtue of their appointment in Kansas, and, although they chanced to be the same persons to whom letters testamentary had already been issued in Illinois, it does not follow that the person appointed to succeed them there acquired the authority to complete their acts begun in their capacity as Kansas appointees.

The administrator's deed was therefore void, and constituted no defense to the action of ejectment brought by the owners of the land. The judgment is affirmed.

All the Justices concurring.