ARIE CARTER, *Appellant,* v. BENJAMIN CARTER, *Appellee.*

No. 18,087.

SYLLABUS BY THE COURT.

1. DIVORCE AND ALIMONY—*Foreign Decree Final—Statute Not Repealed.* Chapter 184 of the Laws of 1907, entitled "An Act in relation to foreign judgments of divorce and defining the faith and credit to be given them," was never a part of the code of civil procedure and was not repealed by the revision of the code in 1909.

2. ——— *Same. McCormick v. McCormick,* 82. Kan. 31, 107 Pac. 546, and *Miller v. Miller,* ante, p. 151, 130 Pac. 681, followed, and *held,* that the demurrer to the reply was rightly sustained.

Appeal from Shawnee district court, division No. 2. Opinion filed April 12, 1913. Affirmed.

*W. H. Cowles, W. I. Jamison,* both of Topeka, and *C. H. Kirshner,* of Kansas City, Mo., for the appellant.

*William Osmond,* and *Elrick C. Cole,* both of Great Bend, for the appellee.

The opinion of the court was delivered by

PORTER, J.: On January 1, 1911, plaintiff, who is the appellant, brought this action for divorce and alimony. The defendant (appellee) answered, setting up a decree of divorce rendered in his favor, June 16, 1909, by the circuit court of Jackson county, Missouri, alleging that

court to be one of general jurisdiction, and that it had jurisdiction of the subject matter and of the parties. The answer further alleged that after the rendition of the judgment the appellant made application to that court to vacate the same, and that after a full hearing her application was denied. The reply admitted the rendition of the Missouri judgment and that the court there was a court of general jurisdiction, but sought to avoid the effect of the judgment on the ground that it was obtained by fraud in that the appellee in his petition had alleged that he was and had been a resident of the state of Missouri for more than one year next preceding the filing of his petition, when in fact he was all of that time a resident of Kansas. It further alleged that the judgment was obtained upon the false and perjured testimony of appellee; that her application to set it aside had not been decided on the merits but upon technical grounds, and that the question of fraud in obtaining the judgment had not been inquired into. The reply further alleged that in any event the Missouri decree, whether valid or not, could only affect the marital status of the parties and could not conclude appellant as to her rights in property acquired by her former husband. To this reply the court sustained a demurrer, which is the ruling complained of as error.

The first contention is that chapter 184 of the Laws of 1907 was repealed by the revision of the code of civil procedure in 1909. The title of the act is "An act in relation to foreign judgments of divorce, and defining the faith and credit to be given them." The act provides that a decree of divorce rendered in another state upon service by publication in conformity with the law there shall be given full faith and credit here, and shall have the same force with regard to residents of this state and shall affect the status of all persons and be treated and considered the same as a judgment rendered in this state. The act was not a part of the

former code of civil procedure and therefore was not repealed by the revision.

The claim of appellant that the Missouri decree is void and subject to collateral attack is fully met and answered in the opinion in the case of *McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546, and by the case of *Miller v. Miller,* ante, p. 151, 130 Pac. 681. The McCormick case likewise answers the contention of appellant that her property rights were not affected by the Missouri decree. The decree there dissolved the marriage relation and changed the status of the appellant, so that being no longer the wife of the appellee, she has no rights in his property. Every point suggested in the argument and in the briefs has been covered so fully by the opinions in the cases cited that further comment is unnecessary. Upon the authority of those cases the judgment sustaining the demurrer to the reply must be affirmed.