No. 19,999.

NELLIE MAY BARNES and ELIZABETH AMELIA KYLE, *Appellants,*
V. MARTIN B. BROWNLEE et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. WILL—*Foreign Judgment Admitting Will to.Probate—When Conclusive against Collateral Attack.* In a proceeding to establish and probate a will in another state the judgment recited that jurisdiction had been obtained by the service of a citation and notice upon the parties therein "in the manner and for the length of time required by law." *Held,* that the finding and adjudication is·conclusive evidence that notice was duly given and jurisdiction acquired in the case as against a collateral attack.

2. WILL — *Destroyed by Fire — Execution and Contents Proven — Admitted to Probate in Foreign Court—Entitled to Full Faith and Credit.* In the proceeding to establish and probate the will which had been destroyed by a fire that had caused the death of the testatrix, it was found that the will so accidentally destroyed had been duly executed and had never been revoked. The conditions of the will were found and declared; the names and residences of the heirs were stated; the reason why the original will could not be produced was recited; and the will proven was admitted to probate. *Held,* that the adjudication so made stands as evidence of the will of the testatrix and the disposition that she made of her property, and that an authenticated copy of the judgment establishing and declaring the provisions of the will is entitled to be admitted to record in the probate court of any county of this state in which property of the estate may be situated.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed March 11, 1916. Affirmed.

*J. B. Wilson, B. V. Pardee,* and *W. E. Emick,* all of Lawrence, for the appellants.

*J. H. Mitchell,* and *S. D. Bishop,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Nellie May Barnes and Elizabeth Amelia Kyle to recover for each a one-eighth interest in a quarter section of land in Douglas county; also for a partition of the tract and for certain rents and profits. The questions involved were determined on a de-

murrer to the petition, and also upon the files and records in a proceeding in a Texas court probating the will of Mary H. Pritchett, which the parties agreed should be considered by the trial court in making its decision.

It appears that Mrs. Pritchett died April 12, 1899, as the result of burns received when the family home in Jasper county, Texas, was burned the preceding day. She left surviving her, her husband, Reuben Pritchett, and four children, Raymond, Albert E., Nellie May, and Elizabeth Amelia—the last two of the children having married and are the plaintiffs in this action. The family formerly lived in Kansas, and the will in controversy was executed by her in Kansas on November 10, 1889. In the will, according to the testimony in the probate proceedings, she gave all her property, real and personal, to her husband, and provided that any property remaining at his death should pass in equal proportions to their children. It was also provided that the husband should act as the sole executor without bond, and that no proceedings in court should be had except to probate the will and make an inventory of the property. The will was duly signed by her and by subscribing witnesses whose names were not remembered when it was probated. Subsequently the family removed to Jasper county, Texas, and the will was deposited with the judge of the county court of the county for safe-keeping. On the day the home was burned, her son Albert was sent by her to obtain the will, and he told the judge that his mother desired to examine it. It was delivered to him, and on that day it was examined by the testatrix and the members of the family and its terms and provisions were considered and discussed by them. Two or three hours later the residence caught fire and Mrs. Pritchett was severely burned while trying to save valuable papers which included certain deeds, her husband's will giving his property to her, and the will in question. She died from the effects of the burning, on the following day. Proceedings were subsequently taken in the county court of Jasper county, Texas, to probate the will, and the judgment there entered recites that the application for probate was in due form, that the citation had been served in the manner and for the length of time required by law, that due proof had been made of the death of Mrs. Pritchett, that the will had

been duly executed by her when she was of sound mind, and that it had never been revoked. The court, upon proof offered, found and adjudged what the contents and provisions of the will were, reciting that it could not be produced in court for the reason that it had been burned in the fire which caused the death of the testatrix. The judgment admitting the will to probate provided also for the appointment of Reuben Pritchett as executor without bond in accordance with the request made in the will and directed him to file an inventory of the property of the estate. On November 30, 1900, the will so probated was admitted to record in the probate court of Douglas county, Kansas, and on April 2, 1902, the executor conveyed the land to Martin B. Brownlee, one of the defendants herein. It is alleged by the plaintiffs that Brownlee had actual and constructive notice of the condition of the title to the land at the time of its purchase. On consideration of the averments of the petition and the files and records of the Texas court submitted at the same time, the court sustained the demurrer to plaintiffs' petition holding that the transfer of the land to the defendant was effective and valid.

The first contention is that the judgment of the Texas court is void, it being alleged in the petition that the citation or notice of the probate proceedings was not served upon the plaintiffs. The statutes of Texas provided that such a citation shall be served in a particular way and for a certain length of time. The judgment rendered by that court recites that it appeared "that said application is in due form, and that service of citation has been served and returned in the manner and for the length of time required by law." The action brought by the plaintiffs is a collateral attack on the Texas judgment. The facts essential to the jurisdiction of the court to render the judgment were found to exist and that adjudication is not open to collateral attack. As the jurisdiction of the court depended on due service of a citation, the fact that jurisdiction was exercised implies a finding that legal notice was given. (*In re Wallace,* 75 Kan. 432, 89 Pac. 687.) In this case there is an express finding in general terms that notice was given and that it was legally sufficient as to manner and time, and this judicial determination must stand as conclusive evidence of these facts until it is set aside in a direct proceeding. The

rule in such cases was concisely stated in *Miller v. Miller*, 89 Kan. 151, 130 Pac. 681, where it was said:

"It is a law of this state that whenever the jurisdiction of a court depends upon a fact properly litigated and determined in the action itself, the judgment rendered finding the fact is conclusive evidence of its existence and of the jurisdiction of the court until the judgment is vacated, reversed or annulled in a direct proceeding instituted for that purpose." (Syl. ¶ 2. *In re Wallace*, supra; *Carter v. Hyatt*, 76 Kan. 304, 91 Pac. 61; *McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546; *Carter v. Carter*, 89 Kan. 367, 131 Pac. 561.)

The claim that jurisdiction was acquired by fraud and that the judgment probating the will was induced by false testimony were matters inherent in the action that were investigated and determined by that court, and it is well settled that such a determination is not open to collateral attack. (*Plaster Co. v. Blue Rapids Township*, 81 Kan. 730, 106 Pac. 1079; *McCormick v. McCormick*, supra; *Miller v. Miller*, supra. See, also, *Bleakley v. Barclay*, 75 Kan. 462, 89 Pac. 906.)

It is contended that the will was not effective because it was not in existence when the testatrix died and that an authenticated copy of the will was not admitted to the record in Kansas in the manner required by law. It appears that the testatrix executed a will, and in doing so complied with every requirement to make it valid and effective. It satisfactorily appears that it had never been altered or revoked in any of the ways by which the revocation of wills may be accomplished. The destruction of a will to which she did not consent, whether done accidentally or fraudulently, does not operate as a revocation of a will in the absence of a statute providing that to be the effect. (Schouler on Wills, 3d ed., § 385.) A will may be established and proved that a testator during his last illness was fraudulently induced to destroy, through fear or for any other cause unduly exercised so as to take away his free and voluntary mind and capacity to act. (*Batton et al. v. Watson*, 13 Ga. 63, 58 Am. Dec. 504.) Where a will is destroyed or missing at the time of the testator's death, there is a presumption that it has been revoked by him, but this presumption may be overcome by proof. (Schouler on Wills, 3d ed., § 283; 1 Underhill on the Law of Wills, § 272.) Here it is shown that the will was in existence until it was destroyed by fire, and that instead of anything having been done towards

Barnes v. Brownlee.

revocation, the testatrix lost her life in the effort to preserve it from destruction.  The facts in the case indicate that the burning which she suffered disabled her from doing anything towards revocation, and the circumstances under which she died, within a few hours after the burning, are wholly incon-sistent with intentional revocation.  No act or word of hers indicated a purpose to revoke the will, but, on the contrary, everything said and done by her prior to the fire and her death gave ample proof of approval and adherence to its provisions.  The destruction and absence of the will were satisfactorily accounted for, and the presumption arising from the fact that it was not produced after her death has been fully met and overcome.  (*Steele, &c., v. Price and Wife*, 44 Ky. 58; *Scoggins v. Turner*, 98 N. Car. 135, 3 S. E. 719; *In re Hedgepeth*, 150 N. Car. 245, 63 S. E. 1025.)

Before admitting a destroyed or lost will to probate, its contents must be shown by evidence which is clear and satisfactory (*Davis & others v. Sigourney*, 49 Mass. 487), but upon the facts brought before the trial court in the case, all of the material provisions of the will were fully proven.  More than that, the judgment of the Texas court recites that the provisions of the burned will were proven, and that it had been executed with the formalities and solemnities necessary to make it a valid will.  The statutes of Texas provide how missing wills, or wills which can not be produced, must be established and probated.  It requires that proof shall be made of the reasons why the will could not be produced, the contents of the will, the names and residences of the heirs if known, and if not known, that fact must be stated.  (2 Vernon's Sayle's Texas Civ. Stat. 1914, §§ 3253, 3272.)  In *Tynan v. Paschal*, 27 Tex. 286, 84 Am. Dec. 619, it was held that an unrevoked will, lost or destroyed before the testator's death, may be established and probated by parol testimony, but that it is incumbent on the party seeking to establish it, to prove not only that it was duly executed, but to rebut the presumption of revocation which arises from the fact that it could not be found at the time of the testator's death.  It is held that the testimony in such a case should prove the facts with as much certainty as in cases where the will itself is before the court.  The will of the testatrix was estab-lished and probated in conformity with the Texas statute and

the rules laid down by the supreme court of that state. The contents of the will having been established and proven as the law requires and its provisions copied into the judgment entered by that court, its judgment is to be regarded as the declaration of the mind and will of the testatrix as to the disposition of her property after her death. Having been legally established, the record so made is as good evidence of her will as if the original will had been before the court when it was probated. Our statute provides that authenticated copies of wills executed and proven according to the laws of another state shall be admitted to record in the probate court of any county in this state wherein any property of the estate may be situated, and that it shall have the same validity as if made in conformity to the law of this state. (Gen. Stat. 1909, §9800.) It is argued that under this section only true and exact copies of wills can be recorded, and that a transcript of a proceeding establishing and proving a will in another state can not be regarded as an authenticated copy. The record legally made in Texas is the adjudicated evidence of the contents of the will. The unrevoked will having been destroyed, the record establishing its contents is the reproduction of the original, and is conclusive evidence of the will of the testatrix and the disposition which she made of her property. As ordinarily understood, a copy is a transcript of the original document, but the court having found and adjudicated what were the contents and provisions of the destroyed will, which had never been altered or revoked by the testatrix, its judgment is to be treated as the will, and a copy of the same is in effect an authenticated copy of the will. The presentation of a will so probated is a substantial compliance with the provision of section 9800 of our statute, which warranted its admission to record in the probate court of Douglas county, and when so recorded, is as effectual as if the original will had been proved and admitted in Kansas.

The judgment of the district court is affirmed.