No. 33,559

MARY D. HORAN, *Appellee*, v. HANNA M. DORE, *Appellee*, ELLEN DORE, *Appellant*, N. J. WOLLARD, Administrator of the Estate of Catherine McAuliffe, Deceased, Intervenor, *Appellee*, and MARY ELIZABETH DORE McGLYNN, Intervenor, *Appellant*.

(74 P. 2d 147)

Opinion filed December 11, 1937.

*William E. Carson*, of Kansas City, for appellant Mary Elizabeth Dore McGlynn; *A. J. Herrod*, of Kansas City, for appellant Ellen Dore.

*Justus N. Baird*, of Kansas City, for appellee N. J. Wollard; *Elmer E. Martin*, of Kansas City, for appellee Mary D. Horan.

The opinion of the court was delivered by

HARVEY, J.: As this action was determined below and reaches us on appeal the principal controverted question is, Which of two parties, each an intervenor in the action as brought, is entitled to foreclose a certain real-estate mortgage?

The pertinent facts and the contention of the parties, as shown by the record, may be stated briefly as follows: Mary D. Horan brought this action February 24, 1937, against Hanna M. Dore and Ellen Dore to obtain judgment on two promissory notes executed by defendants and payable to plaintiff. Ellen Dore was a nonresident of Kansas. To obtain service upon her, plaintiff caused an attachment to be issued and levied upon certain real property owned by Ellen Dore and situated in Wyandotte county, Kansas, and took further steps to have judgment on the notes held to be a first lien on the property.

In March, 1931, Ellen Dore, then a single woman, residing in Kansas City, Mo., being the owner of the property later attached,

executed to Catherine McAuliffe her promissory note for $3,000 and a mortgage upon this real property to secure the payment of the note. Catherine McAuliffe died January 19, 1937, in Jackson county, Missouri, leaving a will which she had executed May 12, 1936, and in which she stated that she was a resident of Jackson county, Missouri, and nominated William J. McGlynn as executor. On January 25, 1937, this will was duly admitted to probate in the probate court of Jackson county, Missouri, and McGlynn was appointed and qualified as executor. He later filed an inventory which, exclusive of certain described real estate not valued, showed personal property as assets of the estate valued and appraised at $20,674.09. Among the items of personal property so listed, valued and appraised was the $3,000 note and mortgage executed by Ellen Dore, above mentioned. The will contained a specific bequest of this note and mortgage to Mary Elizabeth Dore McGlynn, as well as a number of other specific bequests of other items of personal property to other persons. On March 30, 1937, upon application made therefor, the probate court of Jackson county, Missouri, entered an order authorizing the distribution of a number of the specific bequests made in the will, including the bequest to Mary Elizabeth Dore McGlynn of the $3,000 note and mortgage above mentioned. In conformity with that order the executor endorsed the $3,000 note and assigned the mortgage securing it and delivered them to Mary Elizabeth Dore McGlynn, who had the assignment of the mortgage recorded in the office of the register of deeds of Wyandotte county, Kansas, on April 5, 1937.

In the meantime, and on February 4, 1937, N. J. Wollard, the public administrator of Wyandotte county, Kansas, presented to the probate court of that county a petition for the appointment of himself as administrator of the estate of Catherine McAuliffe, deceased. This alleged that she was a resident of Wyandotte county, Kansas, that she departed this life in a hospital in Jackson county, Missouri, January 19, 1937, leaving personal property within Wyandotte county, Kansas, which required immediate attention; "that the value of said personal property left by said deceased is about $1,000; that said deceased died testate, but the said will was wrongfully removed out of the state of Kansas and is beyond the reach of this petitioner." It was further alleged that Mary D. Horan, a sister and the only heir at law of the deceased residing in Kansas, had renounced her right to administer upon

the estate in writing, a copy of which was attached to the petition. It also named Ellen Dore and Margaret Lynch, both residing in Kansas City, Mo., as being other sisters and heirs at law of Catherine McAuliffe, deceased. On the same date the probate court of Wyandotte county, Kansas, appointed N. J. Wollard administrator of the estate of Catherine McAuliffe and fixed his bond at $2,000. N. J. Wollard took the oath and gave the bond, and letters testamentary were issued to him.

On February 15, 1937, N. J. Wollard, as administrator of the estate of Catherine McAuliffe, filed an action in the district court of Wyandotte county, Kansas, to recover from Cornelius Horan a certain $1,000 U. S. government bond alleged to be the property of Catherine McAuliffe at the time of her death. A trial of that action resulted in judgment for defendant.

On March 30, 1937, N. J. Wollard, as administrator of the estate of Catherine McAuliffe, filed an application in this action for permission to intervene, alleging his appointment, and that the $3,000 note and mortgage were owned by Catherine McAuliffe at the time of her death. This application was granted, and on the same day he filed his answer, in which he admitted the allegations of plaintiff's petition, but denied that the attachment was a first lien upon the property, and in a cross petition set up the $3,000 note and mortgage and sought to have it foreclosed as a first lien upon the real property.

On April 14, 1937, Mary Elizabeth Dore McGlynn filed an application to intervene in the action, in which she alleged that she was the owner of the $3,000 note and mortgage, and by her affidavit filed therewith set up her claim of title to it under the will of Catherine McAuliffe, and the action of the probate court of Jackson county, Missouri, and the executor. This application was allowed, and on April 21 she filed her separate answer to the petition of plaintiff, which contained a general denial and an allegation that if plaintiff was entitled to recover any judgment or lien by attachment on the property the same was inferior to her lien under the mortgage, and by cross petition set up the mortgage and sought to foreclose it. Attached to this answer and cross petition was a copy of the will of Catherine McAuliffe, also copies of all of the proceedings in the probate court of Jackson county, Missouri, all authenticated under the acts of congress.

On April 27 N. J. Wollard, as administrator, filed a reply to the

answer and cross petition of Mary Elizabeth Dore McGlynn, in which he alleged his appointment as administrator by the probate court of Wyandotte county, Kansas, and set out copies of the petition and the order of appointment and alleged that a transcript of the proceedings had been filed in the probate court of Jackson county, Missouri, in the estate of Catherine McAuliffe, deceased; that on February 15, 1937, as such administrator, he filed an action in the district court of Wyandotte county, Kansas, to recover personal property from Cornelius Horan on behalf of the estate; that William J. McGlynn, executor of the estate of Catherine McAuliffe, and his attorney, appeared in the district court of Wyandotte county and assisted plaintiff in the prosecution of that action, and the journal entry of judgment in that action was filed as an exhibit. This was the action in which it was sought to recover a $1,000 U. S. government bond from Cornelius Horan. The journal entry contained a recital to the effect that Catherine McAuliffe died a resident of Wyandotte county, Kansas, and that N. J. Wollard had been duly appointed as administrator of her estate and had qualified as such. It was adjudged that the bond in question was not the property of Catherine McAuliffe at the time of her death, and judgment was rendered for defendant. The reply alleged that because of the action taken in that case Mary Elizabeth Dore McGlynn was estopped to claim any right, title, or interest in or to the $3,000 note and mortgage. On the same day, April 27, 1937, N. J. Wollard filed a motion to strike from the record the intervening petition of Mary Elizabeth Dore McGlynn for the reason that the sole and exclusive right to sue and recover on the $3,000 note and mortgage was vested in him as administrator; that the note and mortgage belonged to Catherine McAuliffe at the time of her death and passed to him as administrator, and that Mary Elizabeth Dore McGlynn had no right, title or interest therein. This motion to strike was heard May 6, 1937, at which time there was testimony to the effect that the note and mortgage were in actual possession of Mary Elizabeth Dore McGlynn, and N. J. Wollard, called as a witness, testified that he did not have and never had possession of the note and mortgage. At the conclusion of the hearing the court sustained the motion to strike from the files the cross petition of Mary Elizabeth Dore McGlynn.

On May 13, 1937, Ellen Dore filed her verified answer, in which she admitted executing the first note sued upon by plaintiff and

claimed certain payments thereon, and specifically denied executing the second note. On May 17 she filed her separate answer to the cross petition of N. J. Wollard, administrator, in which she admitted that Catherine McAuliffe died about January 18, 1937, and on information and belief alleged that she was not a resident of Wyandotte county at the time of her death, admitted the proceedings had in the probate court of Wyandotte county for the appointment of N. J. Wollard as administrator of her estate, admitted she had executed the $3,000 note and mortgage and that the note was past due and unpaid, alleged the facts about the death of Catherine McAuliffe in Jackson county, Missouri, the probate of her will and other steps taken there, and made the allegations in the answer and cross petition of Mary Elizabeth Dore McGlynn a part of her answer by reference as though the same were fully set out; alleged that both N. J. Wollard and Mary Elizabeth Dore McGlynn are claiming to be the owners of the note and entitled to payment; asked the court to require N. J. Wollard, as administrator, to make strict proof of his right to maintain his cross petition, and that the court determine which of the two parties was entitled to maintain the action on the note.

On May 20, 1937, N. J. Wollard, as administrator, moved for judgment of foreclosure on the $3,000 note and mortgage on the pleadings. This motion was sustained, and a decree was entered adjudging the mortgage to be a first lien upon the property in controversy, and foreclosing the mortgage and directing the sale of the mortgaged premises.

The appeal is from the order of the court striking the cross petition of Mary Elizabeth Dore McGlynn from the files, and also from the judgment foreclosing the mortgage on the cross petition of N. J. Wollard, administrator.

We turn now to the merits of the appeal. It is clear from this record that at the time of her death Catherine McAuliffe owned the $3,000 note and mortgage securing it; that the note was past due and unpaid and the mortgage subject to foreclosure; that Catherine McAuliffe left a valid will, by the terms of which this note and mortgage were given specifically to Mary Elizabeth Dore McGlynn, and that by proceedings in the probate court of Jackson county, Missouri, regular on their face and never appealed from or directly attacked, is shown a chain of title vesting title and possession of such instruments in Mary Elizabeth Dore McGlynn. These things are not controverted by any pleading filed in this action.

It is argued on behalf of appellee, N. J. Wollard, administrator, that since the probate court of Wyandotte county, Kansas, passed upon his petition to be appointed administrator and found the allegations therein to be true, and made an order appointing him administrator, and no appeal has been taken, that the findings, orders and judgment of the court have become final, and that they are binding upon appellant. In this appellee is in error. The appointment of the administrator in Kansas upon a petition alleging the decedent was a resident of Kansas at the time of her death, verified upon information and belief and upon an *ex parte* hearing, is not a final adjudication respecting the place of residence of the deceased. (See *Dresser v. Bank,* 101 Kan. 401, 168 Pac. 672, and cases there cited.)

In the argument and brief of appellee quite a little is said to the effect "that for some time" prior to her last illness Catherine McAuliffe lived with or near her sister, Mary D. Horan, in Wyandotte county, Kansas, and received her mail and had her bank account in Kansas. None of this is in the record, and if it were it would not be conclusive as to her place of residence.

The proceedings for the appointment of appellee as administrator, apparently prompted or brought about by Mary D. Horan, tend to show an effort to administer the estate of Catherine McAuliffe in Kansas as an intestate estate, with distribution to heirs at law of the decedent notwithstanding and ignoring her will. Appellee's petition alleged that Catherine McAuliffe died testate, yet no request was made that he be appointed as administrator with the will annexed, which would have required final distribution to be made under the will and would have distributed the note and mortgage in question to the appellant. Ten days prior to appellee's application the will had been admitted to probate in Jackson county, Missouri. In that will the testatrix had stated that she was a resident of Jackson county, Missouri. No mention of either of these facts was made in the petition for appellee's appointment. Obviously the probate court of Wyandotte county, Kansas, was never advised of these facts. It would not be in harmony with principles of equity and fair dealing to hold that the order of the probate court of Wyandotte county, Kansas, appointing appellee administrator was final and conclusive as to this appellant.

Appellee argues that the proceedings of the probate court of Jackson county, Missouri, have no extraterritorial effect; hence, that they are in no way binding on the courts of this state, citing *Denny*

*v. Faulkner,* 22 Kan. 89; *Moore, Adm'x, v. Jordan,* 36 Kan. 271, 13 Pac. 337; *Albright v. Bangs,* 72 Kan. 435, 83 Pac. 1030. These authorities do not support the broad contention made by appellee. It would be strange indeed if none of the proceedings of any of the probate courts of any other state should be regarded by the courts of this state as having any effect. Our statutes (G. S. 1935, 22-227 to 22-231, and others) and our decisions (*Gemmell v. Wilson,* 40 Kan. 764, 20 Pac. 458; *Higgins v. Reed,* 48 Kan. 272, 29 Pac. 389; *Calloway v. Cooley,* 50 Kan. 743, 32 Pac. 372; *Barnes v. Brownlee,* 97 Kan. 517, 155 Pac. 962) are to the contrary.

Appellee says the question of conflict of jurisdiction of probate courts is not involved in this case. It is true no issue was raised by the pleadings as to the place of residence of Catherine McAuliffe at the time of her death. No evidence was taken on that question, and the judgment of the trial court was not based upon the adjudication of that question; yet, perhaps it is the only question the determination of which would enable this court to say definitely whether her will should have been probated and her estate administered upon in Missouri or in Kansas. If the deceased testatrix was a resident of Missouri at the time of her death, that is where her will should have been probated and her estate administered; if she was a resident of this state, our courts had jurisdiction to probate the will and administer upon her estate. Appellee could have raised that issue in this action, but for some reason preferred not to do so. Possibly the reason was, if upon a hearing of that issue it would have been determined the testatrix was a resident of this state at the time of her death it would have been necessary to probate her will in this state and administer her estate under it. This would have placed the ownership and possession of the $3,000 note and mortgage in controversy here in Mary Elizabeth Dore McGlynn, just where it was placed by the proceedings taken in the probate court of Jackson county, Missouri; also, it would have left nothing for Mary D. Horan, who initiated the proceedings in the probate court of Wyandotte county, Kansas, for she was not named as a beneficiary in the will of Catherine McAuliffe. She is benefited only by an administration which disregards the will and in which distribution is made under the law of descent. It seems clear that was the purpose of the attempted administration in Kansas. That is sought to be accomplished on the grounds that the proceedings in the probate court of Missouri had no effect outside that state, and

that the courts of this state are bound to ignore them. This contention is thoroughly unsound.

Appellee argues that appellant is estopped to claim the $3,000 note and mortgage in question, under the will of Catherine McAuliffe and the proceedings had in the probate court of Jackson county, Missouri, because of the judgment in the action he brought against Cornelius Horan to recover a $1,000 U. S. government bond and in which judgment was rendered for defendant. The point is not well taken. Appellant was not a party to that action; the ownership of this note and mortgage was not involved, and the record does not show that any question was at issue in that case that would in any way affect appellant's title and ownership of the note and mortgage in question.

Quite a little is said in the briefs and arguments about the situs of the property of Catherine McAuliffe and whether its possession passed to the appellee. We are told in the briefs that she kept a lock box in a Missouri bank. Her will and the inventory of her estate in Missouri showed a long list of bonds and shares of corporate stock, as well as notes and mortgages. The record in the Missouri court discloses that all of those came into the possession of the executor appointed by that court. There is nothing in the record to show that any of the personal property of Catherine McAuliffe was ever in Kansas, except when the mortgage involved in this action, or its assignment, was recorded in the office of the register of deeds. Appellee makes no claim that he ever had actual possession of any of this property. His contention is that he became in constructive possession of it under the law by reason of his appointment as administrator. Ten days before that the executor had been appointed in Missouri, and by the same reasoning employed by appellee the executor would have had constructive legal possession of the property, and possibly did have actual possession of it, as the record discloses his possession later. Appellee prepared the copy of the note and mortgage set up in his cross petition from the records in the office of the register of deeds of Wyandotte county, Kansas, not from the instruments themselves. It is only by ignoring all the proceedings in the probate court of Missouri that appellee can be said to have had constructive legal possession of these instruments. It is argued that Catherine McAuliffe had debts in Kansas, but we were told in the argument that even to that time no claims against this estate had ever been filed in the probate court of

Wyandotte county, and that was not controverted. Counsel for appellee does point to the cost of administration in that court. At best this attempted administration was ill-advised, and in any event, appellant is not liable for such costs.

The probate court of Jackson county, Missouri, had presented to it a will in which the textatrix stated she was a resident of that county, together with a petition for its probate, which alleged she was a resident of that county. The court proceeded to hear evidence and admit the will to probate, and in doing so found that the testatrix was a resident of that county. The court's adjudication on that question is at least *prima facie* valid. It never has been attacked either directly or collaterally. In this action, where the question of the place of residence of the testatrix at the time of her death might have been put in issue and determined, the parties chose not to do so. On the other hand, they boldly ask this court to ignore those proceedings entirely. This the court declines to do. From this record the proceedings in Missouri should be regarded as valid. (See cases above cited.) No question as to the validity of the will of Catherine McAuliffe is raised in this action. In effect it is conceded to be a valid will. Under its terms the note and mortgage in controversy here were given to Mary Elizabeth Dore McGlynn, and under an appropriate order of the probate court of Jackson county, Missouri, they were duly transferred to her. They are and have been rightfully in her possession. It necessarily follows the trial court erred in striking her cross petition from the files. After that was done the defendant, Ellen Dore, filed a verified answer in this action in which she admitted executing one of the notes sued on by plaintiffs and claimed certain credits on it, and denied executing the second note sued on. She admitted she was owner of the real property attached, that she had executed the $3,000 note and the mortgage on the property to secure it, and that the same was past due and unpaid. She questioned the right of the appellee to foreclose the mortgage, and made as a part of her answer all of the allegations of the cross petition of Mary Elizabeth Dore McGlynn as to her ownership of the note and mortgage and right to foreclose it. With the pleadings in this condition appellee moved, and the court granted to him, judgment on the pleadings foreclosing the mortgage. The appeal here involves that ruling. It was erroneous.

From what has been said it necessarily follows that the judgment of the court below must be reversed with directions to set aside the

order striking from the files the cross petition of Mary Elizabeth Dore McGlynn, and to reinstate that cross petition, and also to set aside the judgment in favor of N. J. Wollard, administrator, foreclosing the mortgage on his cross petition, and the court should be directed to enter judgment foreclosing the mortgage upon the cross petition of Mary Elizabeth Dore McGlynn and barring N. J. Wollard, administrator, among others, from any and all right, title and interest in the property, since it seems clear that any appropriate further procedure in this case would of necessity reach that result. It is so ordered.