JAMES D. CLARK V. WILLIAM LILLIEBRIDGE.

1. EVIDENCE *Supports Findings.* The evidence in this case examined, and *held* sufficient to support the findings of fact made by the trial court.

2. MORTGAGE—*Foreclosure—Appearance by Attorney—Effect.* In a foreclosure proceeding against a non-resident defendant, who employs an attorney authorized to practice in the court in which the case is pending to take charge of his case, without limiting his authority, and such attorney makes a general appearance, *held*, that such appearance binds the defendant, and gives the court jurisdiction over his person.

*Error from Washington District Court.*

THE opinion states the case.

*J. G. Lowe,* and *Chas. Smith,* for plaintiff in error.

*A. S. Wilson,* for defendant in error.

Opinion by STRANG, C.: Action in ejectment for the recovery of the west half of the northwest quarter and the west half of the southwest quarter of section 8, in township 3 south, of range 5 east, in Washington county, Kansas. The plaintiff claims the land as patentee of the government. The defendant claims under a sheriff's deed resting upon a judgment of foreclosure and sale of the land upon a mortgage executed by the plaintiff to one J. Mixell. The question in the case is, Did the court in the foreclosure proceeding by Mixell against the plaintiff herein obtain and have jurisdiction of the person of the defendant in that proceeding? If it did, then the judgment in this case should stand; otherwise it should be reversed. Mixell commenced a suit in the district court of Washington county to foreclose his mortgage against Clark, plaintiff herein. Clark lived in Iowa at the time. Service was had by publication, and was defective. Clark had some correspondence with J. W. Rector, a lawyer of Washington, Kansas, in relation to the foreclosure proceedings, in consequence of which Rector appeared specially in the case, and had

the service set aside.    The case was then continued until the next term of court.    The defendant herein claims that Rector, when the service was set aside, appeared generally and asked thirty days in which to answer.    The plaintiff contests this point, and it becomes the principal question of fact in the case.    There was no further attempt to obtain service by publication in said foreclosure proceeding, and if the court in that proceeding got jurisdiction of the defendant therein, Clark, it was by reason of the appearance made for him in the case by J. W. Rector.    Trial was had in this case June 21, 1888, by the court without a jury, the court making the following findings of fact and conclusions of law:

### FINDINGS OF FACT.

"1. On the first day of August, 1873, the plaintiff was the owner, by virtue of a patent of that date from the United States to him, of the west half of the northwest quarter and the west half of the southwest quarter of section 8, township 3, range 5, in Washington county, Kansas.    Afterward, on the 13th day of August, 1873, he gave to one J. Mixell his promissory note for $250, due in six months, without interest, and to secure the payment of the same of the same date he executed and delivered to Mixell a mortgage on said land.

"2. On May 11, 1875, said Mixell commenced an action in the district court of Washington county, Kansas, to recover the amount of said note, and to foreclose said mortgage. The plaintiff, James D. Clark, was at that time residing in Bedford, Iowa.    Service by publication was attempted to be made in said action, but the service was void, and no valid service was ever made on the defendant in that action in any manner.

"3. Before the August term of said court the said Clark was informed of the pendency of said action, and employed J. W. Rector, an attorney of said court, to represent him in said action and procure a delay in the rendition of judgment, without prescribing any particular course of action to be pursued.    In pursuance of such authority, J. W. Rector appeared specially at the August term of said court to set aside the service by publication, and at the same term of court, on August 6, 1875, the service was set aside and vacated; and thereupon the said J. W. Rector entered a general appearance in said action for said Clark, and asked and obtained an

order of the court allowing him to file an answer in the action in thirty days from that date, and continuing the action until the next term of court. No answer was ever filed in the action, and no further appearance was made by the defendant or any one for him.

"4. At the November term of said court, on November 23, 1875, judgment was rendered by default in favor of J. Mixell against James D. Clark for the amount of said note, with costs, and a foreclosure of said mortgage. The said premises were duly sold at sheriff's sale under said judgment. The sale was afterward confirmed by said court, and on May 19, 1876, the sheriff executed and delivered to J. Mixell a deed for said premises. Afterward, on June 7, 1876, Jerome Mixell and Maggie, his wife, executed and delivered to one John Benda a warranty deed conveying all of said premises. Afterward, on May 30, 1877, John Benda and Mary, his wife, executed and delivered to the defendant, William Lilliebridge, their warranty deed, conveying to him all of said premises for the consideration of $700, which was a fair and reasonable price for the land at that time. All of said conveyances were duly recorded in the office of the register of deeds of Washington county, Kansas.

"5. The defendant, William Lilliebridge, since purchasing the land, has grubbed and broken about eighty-five acres of the land and maintained the same in cultivation. He has built and now has on the premises about three-quarters of a mile of wire fence, and has paid all taxes on the premises since he purchased them, amounting in the aggregate to about $350. The premises are now worth from $3,000 to $4,000, and have a rental value of $200 per annum."

### CONCLUSIONS OF LAW.

"The plaintiff was divested of his title to said premises by said judgment, sheriff's sale, confirmation, and sheriff's deed, and is not entitled to recover the premises, and the defendant is entitled to judgment for costs."

Motion to set aside the findings of fact and for new trial, overruled, and judgment entered for the defendant for costs.

A very lengthy brief is filed by the plaintiff in error, whose counsel also made an able oral argument before the commission. The case, however, is quite free from complications, there being but few questions to settle in this court. The

first question argued by counsel is, Did J. W. Rector in fact appear for Mr. Clark in the foreclosure proceeding? The court found that he did. This settles the question unless there is a total want of evidence to support the finding. Counsel argue very strenuously that Rector did not appear for Clark in that case. We have examined the evidence with some care, and find, first, that the appearance docket shows an appearance by Rector in his own handwriting; second, the journal entry shows that Rector appeared first specially, and had service by publication set aside, and then that he asked for thirty days to answer, which was allowed him, and the cause continued to the next term; and lastly, Rector testifies that he appeared. It would seem that this was sufficient evidence on which to base a finding that Rector appeared in the fore- closure proceeding for Clark. If it is not, we would not know how and where to look for evidence sufficient to uphold a finding of a trial court.

The plaintiff next contends that if Rector did appear for Clark in the foreclosure proceeding, he did so without authority from Clark, and that his appearance therein could not therefore bind Clark to his prejudice. The court finds that Clark employed Rector to represent him in said action to procure delay in the rendition of judgment, without prescribing any particular course of action to be pursued by him in connection therewith. Plaintiff moved to set aside this finding of the court, because not sustained by the evidence, and now contends that it is not supported by the evidence, and that as the evidence is wholly in writing, in the form of letters, this court should construe them and say whether the evidence therein contained supports the finding of the court. It is conceded that all the authority Rector had to represent Clark was contained in certain letters from Clark to him. Clark first wrote Rector from Bedford, Iowa, May 31, 1875, asking Rector to let him (Clark) know whether or not Mixell had foreclosed the mortgage on his land. Rector evidently answered that letter, though the answer does not appear in the record, for on June 12, Clark again wrote Rector, in which he

said: "I was not surprised that Mixell had commenced suit."
And after writing a long letter, telling Rector all about the
transaction with Mixell, and his own hard luck, and some
other matters, he wound up by saying, "Now these are the
facts in the case. I wish you to attend to it accordingly. I
will send you a retainer as soon as I hear from you again."
It would seem as though the request of Clark in this letter,
for Rector to look after the foreclosure proceeding, is broad
enough to justify Rector in appearing generally in the case,
or in doing anything that an attorney could do legitimately for
his client in the case. And if, pursuant to said request, Rec-
tor thought it best to appear for Clark and get time to answer
in the case, and he did do so, we think the authority was suf-
ficient. Counsel for plaintiff say, however, that Rector did
not appear pursuant to the authority contained in the letter
last above mentioned, and cite Rector's letters written to Clark
thereafter, on June 21 and July 18, as evidence to sustain
their contention. They argue that the letters show that
Rector did not accept the employment tendered him in Clark's
letter when he received it, but demanded in his letters of June
21 and July 18 a retainer of $15; and that at the time of
his appearance for Clark, August 4, he had not again heard
from Clark, and had not received his retainer fee; and that
therefore no contract of employment was consummated which
authorized Rector to appear for Clark. It is true Rector
wrote, saying: "If you want me to attend to the matter for
you, send me a retainer of $15." He did not say, however,
that he would not attend to the matter for Clark until he re-
ceived the $15. Rector had not heard from Clark, after writ-
ing him on July 18, up to the time when it became necessary
to act in the matter by reason of the fact that the court was
in session and the foreclosure case reached for trial. Rector
then appeared. Looking back to Clark's last expression upon
the subject, contained in his letter of June 12, Rector con-
cluded he would attend to the matter for Clark, and take his
chances of getting his fee when he heard from Clark. We
think he had a right to do that; and having done it, and ap-

peared, his appearance binds Clark. And to show what he did was in exact accord with Clark's wishes in relation thereto, we call attention to Clark's next letter, written five days after Rector had appeared in the foreclosure case, in which Clark says: "I want you to stave off this case, by all means, and I will send you the retainer certainly in a very few days. . . . Take hold of the case at once and be sure to stave it off." If this letter had been received by Rector before he appeared, there would be nothing left to hang a doubt upon concerning his right to appear. Being received by Rector immediately after he had appeared, and requesting him to do exactly what he had asked Rector in his last letter to him before this one to do, and exactly what Rector had done, we think Clark is estopped now from denying Rector's authority to appear for him. Rector having authority to appear for Clark in the proceeding to foreclose the Mixell mortgage, and having done so, the court in that case got jurisdiction over the person of Clark, and the judgment and sale which followed divested him of title in the land in controversy, and the defendant herein, having procured the title derived from the sheriff in that proceeding, has a good title to the land in dispute.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.