J. H. Goddard v. John J. Harbour *et al.*

No. 8437.

Summons—*Sheriff's Return, Conclusive between Parties.* The return of a sheriff that he has served a summons on the defendants personally, being a matter as to the truth or falsity of which he has personal knowledge, is conclusive between the parties, and cannot be questioned in an action afterward brought to enjoin the enforcement of a judgment based on such service on the ground that the court was without jurisdiction of the person of the defendants.

*Error from Chase District Court.*

This action was brought by John J. Harbour and Frances J. Harbour against E. A. Kinne, sheriff of Chase county, J. H. Goddard, Erastus Replogle, and Herbert E. Ball, to enjoin the enforcement of a judgment rendered in favor of Goddard against the plaintiffs for the sum of $2,209.70, and foreclosing a mortgage on their homestead, on the ground that the judgment was rendered without jurisdiction. It appeared on the trial that a summons in due form was issued and delivered to the sheriff of Chase county,

where the parties resided, and that his return was duly indorsed thereon in the following words :

"Received this writ this 10th day of December, A. D. 1888, at 10 o'clock A. M.   December 12, A. D. 1888, served the same by delivering a copy thereof with the indorsements thereon, duly certified, to the within named John J. Harbour, Frances J. Harbour, and Erastus Replogle, personally.— E. A. KINNE, Sheriff."

It was shown without dispute that personal service was duly made on John J. Harbour by the under-sheriff, but as to the service on Frances J. Harbour the evidence was somewhat conflicting.   All the witnesses agree that a copy of the summons was left at her place of residence.   On the part of the plaintiff, the evidence tended to show that it was inclosed in a sealed envelope, addressed to J. J. Harbour ; that it was not opened by Mrs. Harbour, and that she never saw the copy of the summons, and had no knowledge of the commencement of the suit until after judgment had been rendered.   A. H. Brown, who was the mail-carrier to Wonsevu, testified that he was a deputy sheriff, and that he served the summons on Mrs. Harbour by delivering it to her personally.   On this testimony, the trial court perpetually enjoined the enforcement of the judgment.   The opinion herein was filed May 9, 1896.

*Wheeler & Switzer,* for plaintiff in error.

*Madden Bros.,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J. :  A motion is made to dismiss this proceeding because the sheriff and Herbert E. Ball, who were parties in the court below, are not made parties here.   While they were proper parties in the district court, the sheriff had no interest in the litigation, but

was made a defendant merely because he held an order of sale issued on the judgment, which he was about to execute, and Ball is shown by the pleadings to have had no interest in the litigation, being merely the trustee named in the original mortgage. They are not necessary parties in this court.

The record presents squarely the question whether a sheriff's return as to matters concerning the truth or falsity of which he must know is conclusive on the parties to the suit. The sheriff in this case returned that he had served the summons on the defendants personally. He knew whether he had or had not done so. It is true that in this case the evidence of the sheriff, under-sheriff and Brown all shows that no service was made by the sheriff himself, but that a copy was delivered to John J. Harbour by the under-sheriff, and whatever service was made on Frances J. Harbour was by Brown, concerning whose appointment as deputy prior to that time the evidence is conflicting. The sheriff has the right, however, to act through deputies, and is responsible for their doings to the same extent as for his own. While it would be better, perhaps, in all such cases to have the return show that the sheriff executed the process by the deputy, thus placing on record the exact truth, a return signed by the sheriff in his own name alone is undoubtedly sufficient where the service is actually made by a deputy. But the real question in the case is whether there may be any contradiction of the return outside of the record in the case itself. In England it has been the established law from a very early day that the return is conclusive as between the parties, and that the remedy of a party injured by a false return is by an action against the sheriff on his official bond, in which case alone the truth or falsity of the

return may be inquired into. (19 Viner's Abridgment, 210 ; 6 Comyn's Digest, 242.) In this country there is much diversity of judicial opinion on the subject, but the decided weight of authority seems to support the position that, as to matters falling within the personal knowledge of the sheriff, his return is conclusive as between the parties to the record, unless the falsity of the return is disclosed by some other portion of the record of the case. (*Hunter v. Stoneburner*, 92 Ill. 75 ; *Cully v. Shirk*, 30 N. E. Rep. [Ind.] 882 ; *Stewart v. Griswold*, 134 Mass. 391 ; *Green v. Kindy*, 43 Mich. 279 ; *Tullis v. Brawley*, 3 Minn. 277 ; *Stewart v. Stringer*, 41 Mo. 400 ; *Bolles v. Brown*, 45 N. H. 124 ; *Barrows v. Rubber Co.*, 13 R. I. 48 ; *Gatlin v. Dibrell*, 74 Tex. 36 ; *White River Bank v. Downers*, 29 Vt. 332 ; *Stewart v. Stewart*, 27 W. Va. 167 ; 22 Am. & Eng. Encyc. of Law. 193.) These cases hold that the return of the officer is conclusive on the question of jurisdiction. It is not necessary now to inquire how far the court may go in setting aside a service when challenged in the suit in which it is made before judgment. In this case the only ground on which the judgment of the trial court can be maintained is that the court was without jurisdiction to render the judgment in the prior action. The following cases seem to support the doctrine that a want of jurisdiction may be shown at any time, and that the return of the sheriff is only *prima facie* evidence of the facts stated : *Dunklin v. Wilson*, 64 Ala. 162 ; *Watson v. Watson*, 6 Conn. 334 ; *Quarles v. Hiern*, 70 Miss. 891 ; *Pollard v. Wegener*, 13 Wis. 569. The courts of Georgia and New York, while recognizing the existence of the general rule, hold that under the practice prevailing in those states the officer's return is not conclusive. (*Dozier v. Lamb*, 59 Ga. 461 ; *Fer-*

*guson v. Crawford*, 70 N. Y. 253.)   It was said in the opinion in the last-mentioned case :

" The learned annotators of Smith's Leading Cases, Hare and Wallace, (1 Sm. L. C. 842,) sum the matter up by saying : 'Whatever the rule may be where the record is silent, it would seem clearly and conclusively established by a weight of authority too great for opposition, unless on the ground of local and peculiar law, that no one can contradict that which the record actually avers, and that a recital of notice or appearance or a return of service by the sheriff in the record of a domestic court of general jurisdiction is absolutely conclusive, and cannot be disproved by extrinsic evidence.' It is quite remarkable, however, that, notwithstanding the formidable array of authority in its favor, the courts of this state have never sustained this doctrine by any adjudication, but on the contrary the great weight of judicial opinion and the views of some of our most distinguished jurists are directly opposed to it."

Counsel for defendants in error cite *Bond v. Wilson*, 8 Kan. 228 ; *Starkweather v. Morgan*, 15 id. 274 ; *Chambers v. Bridge Manufactory*, 16 id. 270 ; *McNeill v. Edie*, 24 id. 108, and *Jones v. Marshall* (Kan. App.*), 43 Pac. Rep. 840, as supporting the proposition that a sheriff's return may be disputed even in regard to personal service. In the cases heretofore decided by this court the right to controvert the sheriff's return has been expressly limited to matters not coming within his personal knowledge, and the opinions in all the cases, including, also, *Mastin v. Gray*, 19 Kan. 458, recognize this distinction.

We do not approve the rule declared in the opinion in the case of *Jones v. Marshall*, that a sheriff's return may be controverted as to matters falling within his

---

* Not yet reported.

personal knowledge.    Much can be said by way of
argument for and against the rule which makes the
sheriff's return conclusive.    We deem it the safer
course to yield our assent to a rule which has met
with the approbation of so large a majority of the
courts, and incline to the opinion that the weight of
reason rests with that of authority.    This case fairly
illustrates the dangers and difficulties arising if the
opposite rule is followed.    Where there is a return of
personal service, ordinarily the person served will be
the only witness who can flatly contradict it, unless
the officer himself does so.    The service on John J.
Harbour was entirely regular, and a summons was left
at the residence of Frances J. Harbour, if not in fact
handed to her in person as testified by Brown.    To
set aside and annul a judgment duly entered on such
slight proof of what can hardly be termed more than
a technical defect in the service, is certainly establish-
ing a bad precedent, and in our view a much more
dangerous one than the rigid rule which we deem
best to follow in this case.    Under all the authorities,
the proof required to controvert a sheriff's return must
be clear and convincing.    But if we were to permit
an inquiry into its truth, we should be met in every
case brought to this court by the other rule, that the
decision of the trial court on a disputed question of
fact is final.    We should then rest under the necessity
of affirming judgments like the one now under con-
sideration, or of weighing conflicting testimony.    The
hardships which may possibly result from the rule
adopted are not so great nor so probable as might at
first appear, when it is considered that the sheriff acts
under oath and is responsible on his official bond.    If
he makes a mistake the court to which the process is
returned may permit him to amend.    The proceedings

of our district courts are matters of general notoriety. Judgments are not entered here as in New York by the clerk in vacation, but must always be taken in open court. In giving conclusiveness to a sheriff's return as to those matters coming within his personal knowledge, we do no more than give it the same credit as the parts of the record written by the clerk, any of which may be corrected under the direction of the court when application is duly made, but cannot be contradicted by parol testimony.

The judgment is reversed.

All the Justices concurring.