MAGGIE A. WARREN v. C. F. WILNER AND JOHN WARREN.

**No. 11,568.** (60 Pac. 745.)

1. SUMMONS—*Conclusiveness of Sheriff's Return.* The case of *Goddard v. Harbour*, 56 Kan. 744, 44 Pac. 1055, holding that a sheriff's return of personal service of a summons, included in the record of a judgment, is conclusive between the parties, followed.

2. ———— *Rule not Unconstitutional.* The application of this rule and the enforcement of the judgment do not deprive the judgment debtor of property without due process of law, nor conflict with the fourteenth amendment to the federal constitution.

Error from Wyandotte district court; HENRY L. ALDEN, judge. Opinion filed April 7, 1900. Affirmed.

*Getty & Hutchings*, for plaintiff in error.
*Samuel Maher*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by C. F. Wilner to recover a judgment against John Warren and Maggie A. Warren for $2308 and to foreclose a mortgage which they had given to secure the payment of the debt. A summons was placed in the hands of the sheriff, and his return thereon was that he had made personal service of the same on each of the defendants. In due time a judgment was rendered against both defendants, and it recited that both of said defendants "were personally served with summons in this action, and that said defendants, John Warren and Maggie A. Warren, filed their joint answer to the plaintiff's petition, setting up payment of the note and mortgage," etc. Afterward a motion was made by Maggie A. Warren to set aside the service and judgment on the ground that she had not been served with summons, and that no appearance had been made by her. In support of her motion she filed her own affidavit, stating that no summons was served on her, and that the attorney who filed the answer was not employed by or authorized to appear for her. John Warren's affidavit was also produced, in which he stated that two copies of the summons were delivered to him by the sheriff, and that on the back of one of them the name "John Warren" was indorsed, and that on the other the name "Maggie A. Warren" was indorsed. The court denied the motion, and of this ruling complaint is made.

It appears that the motion attacking the service and judgment was made nearly two years after the judgment was rendered. Mrs. Warren seeks to impeach the return of the sheriff and to overthrow the judgment by her own testimony that no service was

made on her, and that the appearance of the attorney for her was unauthorized.   She does not state that she was ignorant of the pendency of the action or of the return which the sheriff had made, and, besides, there is no showing that she had a defense to make if the judgment were set aside.   It is a weak showing upon which to ask the vacation of a judgment, if the return of the sheriff were open to contradiction ; but in cases of this character the return is conclusive.   It is an established rule in this state that the return of such service by the sheriff in the record of a court of general jurisdiction is absolutely conclusive between the parties, and cannot be disproved by extrinsic evidence.   This case is not distinguishable from *Goddard v. Harbour*, 56 Kan. 744, 44 Pac. 1055, where, after a full consideration, it was held that, "as to matters falling within the personal knowledge of the sheriff, his return is conclusive as between the parties to the record, unless the falsity of the return is disclosed by some other portion of the record of the case."   See, also, *Thomas v. Owen*, 58 Kan. 313, 49 Pac. 73.

It is contended that the application of this rule deprives the plaintiff in error of her property without due process of law, and that the decisions referred to conflict with the fourteenth amendment to the constitution of the United States.   Several cases are cited deciding that judgments rendered without notice or opportunity to make a defense are nullities, but this is not to be treated as a case where notice was not given.   It has been determined by a court of competent jurisdiction, on record proof of an indisputable character, that personal service of the summons was actually made on Mrs. Warren.   The question is not whether a judgment can be rendered without notice, but, rather, whether a judgment rendered on proof

46—61 KAN.

of a high order that notice was given—namely, the sheriff's return of personal service of notice—may be contradicted and impeached. The rule that such proof is not open to contradiction, and that judgments rendered thereon are unimpeachable, has been generally recognized and applied in the courts of England and this country. Before the adoption of our constitution, or the fourteenth amendment, it was a rule of the common law that the return of a sheriff of personal service on which a judgment was founded was conclusive between the parties. It was then deemed to be due process of law; and yet at that time, and ever since, notice has been deemed essential to the validity of a judgment. We think the constitutional prohibition against the taking of property without due process of law does not abrogate the rule of law generally accepted that judgments based on a sheriff's return of personal notice cannot be impeached.

The judgment of the district court will be affirmed.