Eastwood v. Carter.

---

## WILLIAM EASTWOOD v. HENRY B. CARTER.

### No. 401. (61 Pac. 510.)

SHERIFF'S RETURN—*Jurisdictional Facts—Knowledge of Officer.*
A sheriff's return with respect to the service of original process may be impeached so far as it states jurisdictional facts, where the facts stated are not within the personal knowledge of the officer, but as to all matters stated in his return which are within the officer's personal knowledge the return is conclusive as between the parties to the action.

Error from Jewell district court; R. M. PICKLER, judge. Opinion filed June 18, 1900. Affirmed.

*G. H. Bailey,* for plaintiff in error.

*Frank R. Forrest,* and *Eber P. Hotchkiss,* for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by William Eastwood, the plaintiff in error, as plaintiff below,

against Henry B. Carter and J. W. Cubbison, to set aside a judgment rendered against him in favor of Carter, and to enjoin the defendants from selling property upon an execution issued thereon. A trial was had before the court without a jury, which resulted in findings and judgment for the defendants against the plaintiff for costs of suit. A motion for a new trial was overruled; the plaintiff excepted and presents the record to this court for review.

It appears that on the 31st day of January, 1898, Carter brought an action in the district court of Jewell county against William Eastwood for the recovery of $411.25 upon a promissory note, together with interest at ten per cent. from August 3, 1895; that on that date a summons, in form and substance as required by the statute, was duly issued, and delivered to the sheriff for service. The summons was indorsed as follows:

"No. 2578. ———, plaintiff, v. ———, defendant. —Suit brought for the recovery of money; amount claimed, $411.25, with interest from the 3d day of August, 1895, at the rate of 10 per cent. per annum.
J. M. LIVENGOOD, *Clerk District Court.*"

The summons was returned within the time prescribed, with the following certificate of service indorsed thereon:

"STATE OF KANSAS, JEWELL COUNTY, ss.

"I received this writ the 31st day of January, 1898, and on January 31, 1898, served the same by delivering a copy thereof, with the indorsements thereon, duly certified, to the within-named Wm. Eastwood, personally.    J. W. CUBBISON, *Sheriff.*
O. H. DURAND, *Under-sheriff.*"

The defendant, Eastwood, made no appearance in the trial court. Judgment was rendered against him for the sum of $522.22, with interest and costs of suit.

Eastwood v. Carter.

An execution was duly issued upon the judgment, which was placed in the hands of Cubbison as sheriff, who levied on and was about to sell the property of the judgment debtor, when this action was instituted.

Upon the trial, the plaintiff sought to show by oral testimony and by a copy of the summons served that there was no indorsement of the amount for which plaintiff claimed judgment. The only question presented is whether the court erred in excluding this testimony or not. The original summons, in substance, form, and as to indorsements, contained all that the statute required. The officer's return shows that he served the summons by delivering a copy thereof, with the indorsements thereon, duly certified, to the defendant personally. The only question therefore arises upon the action of the trial court in refusing to permit the plaintiff in this manner to impeach the officer's return.

A sheriff's return with respect to service of original process may be impeached so far as it states facts upon which jurisdiction depends, where the facts stated do not come within the personal knowledge of the sheriff. In the case at bar, the sheriff in his return states that he served the summons by delivering a copy thereof, with the indorsements thereon, duly certified, to the defendant personally. The manner of service made by the officer was within his personal knowledge, and his return in this respect is conclusive as between the parties. The return cannot be questioned in an action brought to enjoin the enforcement of the judgment based upon such service. The authorities relied upon by the plaintiff in error are not applicable to the question under consideration.

The question presented has been determined by the

supreme court adversely to the plaintiff in error in *Goddard v. Harbour*, 56 Kan. 749, 44 Pac. 1055.   The court properly excluded the offered evidence.

The judgment is affirmed.