HENRY ORCHARD v. GEORGE PEAKE, *as Receiver, etc.*

No. 13,682.    (77 Pac. 281.)

SYLLABUS BY THE COURT.

1. OFFICE AND OFFICERS—*Conclusiveness of Officer's Return of Summons.* A return that personal service of a summons on a defendant has been made is not open to contradiction, or to be disproved by extrinsic evidence, after the rendition of judgment.

2. —————— *Returned by Sheriff but Served by Deputy.* A return of service made and signed by a sheriff where a service was actually made by his deputy is irregular, but not invalid.

3. —————— *Failure to File Appointment of Deputy Not Fatal to Official Acts.* The statutory requirement that the appointment of a deputy sheriff be filed in the office of the county clerk is directory in its character, and the mere failure so to file an appointment actually made will not invalidate it or the official acts of the deputy.

Error from Marshall district court; SAM KIMBLE, judge.    Opinion filed June 11, 1904.    Affirmed.

*W. W. Redmond,* for plaintiff in error.

*Gregg & Gregg,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: George Peake, as receiver of the Siegel-Sanders Live-stock Commission Company, recovered a judgment by default against Henry Orchard for $590.    Within a short time, and at an adjourned term, Orchard filed a motion asking vacation of the

judgment, alleging as grounds that no summons had been served on him, that he had no notice of the pendency of the action, and knew nothing of it until after the rendition of the judgment. There was added to the application the statement that he had a good defense to the action, and a request that he be allowed to file therein an answer. At the hearing considerable testimony was offered concerning the service of the summons and Orchard's knowledge of the pendency of the action, upon which the court denied the motion and refused to vacate the judgment.

If there was any doubt of the jurisdiction of the court over the person of Orchard, it was removed when he appeared and set forth the defenses he had to the action. The averment of matters relating to the merits of the case which were non-jurisdictional in character waived any defects there might have been in the service of the summons.

The principal controversy on the motion, however, was the service of the summons, and whether Orchard had originally been given legal notice of the institution of the action. A summons was issued, and upon it the sheriff made a return showing personal service of the same on Orchard. The return was conclusive of the questions of service and of jurisdiction. It being a matter of the truth and falsity of which the sheriff had personal knowledge, his return was not open to contradiction or to be disproved by extrinsic evidence after the rendition of the judgment. (*Goddard v. Harbour*, 56 Kan. 744, 44 Pac. 1055, 54 Am. St. Rep. 608 ; *Thomas v. Owen*, 58 id. 313, 49 Pac. 73 ; *Warren v. Wilner*, 61 id. 719, 60 Pac. 745.) The oral testimony that was received strongly supported the official return.

The sheriff caused service to be made through a

deputy, and himself wrote the return; but even a return signed by the sheriff when the service is actually made by a deputy, although not the approved method, is sufficient. (*Goddard v. Harbour*, supra.) While the return in this case was not written by the deputy who made the service, it plainly indicated that it had been served by him.

The validity of the appointment of the deputy was challenged, mainly because the appointment and oath of office of the deputy were not filed in the office of the county clerk, as provided by section 1745 of the General Statutes of 1901. The requirement of the section is directory in its character and does not affect the qualification of the officer. The mere fact that the papers were not on file did not invalidate the appointment or the service made. Aside from this consideration, it was abundantly shown that the deputy had been regularly appointed, had taken the oath of office, and had been acting as deputy under the appointment for considerable time. He had the qualities of a *de facto* officer, at least, and his official acts could not be safely ignored. (*The State v. Quint*, 65 Kan. 144, 69 Pac. 171.)

From the evidence in the record we cannot say that the court abused its discretion in denying the application of plaintiff in error. The judgment is affirmed.

All the Justices concurring.