No. 22,877.

V. A. ERICSON, *Appellant*, v. HUGH L. CHARLES, *Appellee*.

SYLLABUS BY THE COURT.

1. PHYSICIAN AND SURGEON—*Malpractice—Action Arising on Tort—Limitation of Action.* An action for malpractice, in which it is alleged in substance that the defendant, in disregard of his obligations as a surgeon, performed an operation upon the plaintiff in a negligent manner and not in accordance with the custom and practice followed by good reputable and ordinarily prudent surgeons, with a result that she suffered great pain and injury for which she asked damages, is one arising on tort and not on contract, and the statutory limitation of two years applies to such action.

2. SUMMONS—*Return of Sheriff—When Not Open to Contradiction.* The return of a sheriff upon a summons issued by a justice of the peace or city court as to matters within the personal knowledge of the sheriff is not open to contradiction or to be disproved by extrinsic evidence after the rendition of judgment.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed January 8, 1921. Affirmed.

*Stanley W. Howe*, of Florence, for the appellant.

*T. A. Moxcey*, of Atchison, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff sued the defendant, a surgeon, for violation of his contract in the performance of a surgical operation upon her, and also for malpractice. She further asked that he be enjoined from enforcing a judgment

that he had obtained against her for his services. A demurrer was sustained as to the malpractice count, and also to the cause of action for injunction. From these rulings she appeals.

So far as the recovery on the count for malpractice is concerned, it turns upon the application of the statute of limitations. The action was brought more than two years after the cause of action accrued, but less than three years after that time. In the first count of her first cause of action she alleged in substance that the defendant agreed to perform an operation upon her in order to relieve her from an obstruction of the bowels and to give her the necessary treatment following the operation for $100, and it was also agreed that he would not remove her vermiform appendix, uterus and ovaries, or perform any other operation on them, but that when she submitted to the operation, in violation of his agreement he removed the appendix, stitched the uterus to the walls of the abdomen in a manner not in accordance with the custom and practice of good and prudent surgeons, causing her to suffer great injury and pain, for which she asked judgment in the sum of $5,468.44.

The second count of the same cause of action set out the facts substantially as stated in the first, except that no mention was made of an employment or of an agreement as to the manner or extent of the operation, but it was alleged that the defendant, in disregard of his obligation and duties as a surgeon to perform it in a manner becoming a good, reputable and ordinarily prudent surgeon, had removed her appendix, which was in a good healthy condition, and had stitched the uterus to the wall of the abdomen contrary to the custom and practice followed by good surgeons, and further, that the operation on the obstruction of the bowels, the ailment for which she underwent the operation, was not properly done and only afforded her partial relief. Following this, are the same allegations as to the pain, mental anguish and injury which resulted from the operation as performed, with prayer for judgment, as are stated in the first count.

The court overruled a demurrer to the first count evidently upon the theory that the cause of action alleged was one arising on contract to which the three-year limitation applied. Of this no complaint was made by either party.

Ericson v. Charles.

A motion to strike out the second count was filed and this was treated as a demurrer, but the court held that it stated a cause of action sounding in tort and was barred by the two-year statute of limitations. The plaintiff insists that when the defendant undertook to perform the operation, an implied obligation arose on his part that he would use reasonable skill and care in its performance, and, on her part, that she would pay him the reasonable value of his services. She therefore contends that she was entitled to, and in her pleading did, waive the tort and sue on what she calls the implied contract in the transaction. There is no averment in the second count of an agreement between plaintiff and defendant nor even of employment. It is alleged in effect that he performed the operation but that it was negligently and unskillfully done. In this count plaintiff sets up no more than the violation of duty and the wrong of the defendant. It is true that in certain cases where defendant derives a benefit from a tortuous act, the plaintiff may waive the tort and sue on the implied contract of the defendant to pay for property taken or benefit derived by him. (*Fanson v. Linsley,* 20 Kan. 235; *Smith v. McCarthy,* 39 Kan. 308, 18 Pac. 204; *Lipscomb v. Bank,* 66 Kan. 243, 71 Pac. 583.) Here the averments in the count are those stated in an ordinary petition for malpractice and are such as to characterize it as an action *ex delicto.* In the first count of the same petition which was sustained by the court, the plaintiff had set up an express contract for the violation of which she asked a recovery. The violations there pleaded are the same wrongs set forth in the second count and outside of proof of the contract the same facts must be shown to maintain either. Having pleaded an express contract the plaintiff was hardly in a position to plead a contract implied by law, as the existence of an express agreement precludes the idea of the existence of an implied one. (*Bechtel v. Chase,* 156 Cal. 707; 2 Street's Foundations of Legal Liability, 215.) Contractual and delictual remedies proceed upon different theories. The contractual is upon breach of a contract or for compensation for property retained or benefits received by the defendant, and the delictual remedy is to compensate the plaintiff for a wrong done by defendant. The cause of action of the plaintiff and her averments in the pleading clearly marks the

second count as delictual in character.  She sets forth a cause of action based on a violation of the duty of the defendant as a surgeon and the wrongs done to her by him in the negligent performance of an operation and that is manifestly one arising *ex delicto.*  (*Nelson v. Harrington,* 72 Wis. 591; *Randolph's Admr. v. Snyder,* 139 Ky. 159; *Hales v. Raines,* 162 Mo. App. 46; *Carpenter v. Walker,* 170 Ala. 659.)  The action pleaded in the second count falls within the third subdivision of section 17 of the civil code which provides that "an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated" can only be brought within two years after the cause of action has accrued.  No error was committed in sustaining a demurrer to that count.

A demurrer to the cause of action for injunction was rightly sustained.  Plaintiff alleged that defendant sued her in the city court for his services and recovered a judgment against her for $75, and she asked that the enforcement of the judgment be enjoined.  This remedy was asked on the ground that the summons issued was invalid because it was directed to the city marshal of Atchison, and also to the sheriff of the county.  There is nothing substantial in this objection.  It could be served by either officer and the direction to both does not affect the validity of the summons nor afford the plaintiff cause for complaint.

Another ground of attack on the judgment is that no legal service of the summons was made upon her.  She admits that the officer made a return to the effect that he executed a summons by delivering to her a true copy of the same with all the endorsements thereon duly certified within Atchison county.  To overcome the return of personal service plaintiff alleges that she was an absolute stranger to the officer and that her identity on the day of service was outside of his personal knowledge.  A return of personal service cannot be so easily overthrown.  In *Orchard v. Peake,* 69 Kan. 510, 77 Pac. 281, it was said:

"A return that personal service of a summons on a defendant has been made is not open to contradiction, or to be disproved by extrinsic evidence, after the rendition of judgment."  (Syl. ¶ 1.)

In case a false return is made by an officer, the remedy of a party injured is upon the official bond of the sheriff.  The

Ericson v. Charles.

officer certified that personal service was made upon the plaintiff. That was a matter within his personal knowledge and must be taken as true unless the falsity of the return is shown by some other portion of the record. (*Goddard v. Harbour,* 56 Kan. 744, 44 Pac. 1055; *Warren v. Wilner,* 61 Kan. 719, 60 Pac. 745.) Even if the return of the sheriff was open to contradiction it would not be overthrown by a statement that the plaintiff is a stranger to the sheriff. She was subject to service in Atchison county and admits she was in the county on the day the summons was said to have been served. The plaintiff urges that a different rule should be applied in cases where the process is issued from an inferior court. It is true that the entries or statements in relation to jurisdiction made by a justice of the peace have not the conclusive effect of those made by a court of record. (*In re Baum,* 61 Kan. 117, 58 Pac. 958.) Here we are dealing with the truth of the return made by an officer and not with the entry made by the city court. There is the same reason and ground for giving conclusive effect to a return of a sheriff made to one court as there is when made to the other. Whether a return or other statement or paper found in the files of a justice of the peace is genuine, is open to proof and may be regarded as only *prima facie* evidence of the action of officers, but where a return is actually made by a sheriff of service of summons, his statement therein of the relevant facts within his knowledge has the conclusive quality of a like return made to a court of record. The challenge of the return relates to the truth or falsity of the statement therein by the sheriff that he made personal service on the defendant, a matter within his personal knowledge, and as to that his return is not open to contradiction by extrinsic evidence after the rendition of a judgment.

The averments in the petition as to the insufficiency of the proof upon which the judgment was rendered do not affect the jurisdiction of the court nor afford ground for a collateral attack on the judgment.

It follows that the orders of the district court, sustaining the demurrers to the petition, must be affirmed.