Duke v. Central State Bank.

---

No. 26,361.

G. B. DUKE et al., *Appellants*, v. CENTRAL STATE BANK et al., *Appellees*.

No. 26,360.

CENTRAL STATE BANK, *Appellee*, v. W. H. MARTIN et al. (W. T. CLARK, Intervener), *Appellants*.

SYLLABUS BY THE COURT.

EXECUTIONS—*Enjoining Levy—Grounds*. In actions to enjoin the levy of an execution, the proceedings considered and held to present no substantial error.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed January 9, 1926. Affirmed.

*Aaron Coleman* and *C. M. Williams*, both of Hutchinson, for the appellants.
*E. T. Foote*, of Hutchinson, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to enjoin the levy of an execution. Defendant prevailed and plaintiffs appeal.

On February 27, 1922, the defendant brought an action in the district court of Reno county against G. B. Duke, G. B. Raymond and H. W. Martin, upon a promissory note. The sheriff's return showed resident service on H. W. Martin and personal service upon G. B. Duke and G. B. Raymond March 4, 1922. On June 30 following judgment by default was taken against all defendants. On September 29, 1924, execution was issued and levy made upon certain real estate belonging to defendants Duke and Raymond. Whereupon they brought this action to enjoin the sheriff from making sale of their property, and asking that the judgment against them be set aside for the reason that they were not, in fact, served with sum-

Appeal and Error, 4 C. J. p. 878 n. 81.   Executions, 23 C. J. p. 578 n. 87.
Process, 32 Cyc. p. 514 n. 15.

mons. Trial was had on this issue, judgment for the defendant, and plaintiffs appeal.

W. T. Clark, who was sheriff at the time the defendant brought action on the promissory note, filed a motion (after judgment) asking to correct his return showing no service instead of personal service upon Duke and Raymond. This motion was denied, and the sheriff also appeals. The two actions have been consolidated.

The trial court heard the evidence produced by all parties on the issue of fact as to whether there had been service. The return of the sheriff in the original action on the note showed that he personally served defendants Duke and Raymond with copy of summons with all indorsements thereon. The court permitted plaintiffs to introduce testimony showing that the return of the sheriff did not state the facts, and that they (Duke and Raymond) had no knowledge of the pendency of the action before judgment.

Sheriff Clark testified:

"I did not sign the return on said summons. Mrs. Perry, my clerk, was authorized to sign my name to all papers. I do not know whether or not that summons was served on the defendants, only just what the return shows. I have not any personal recollection about it. I did not serve it personally. . . . It was the general custom in my office when papers were served by some deputy that they would return and tell Mrs. Perry what was done, and she would make the return and sign my name. She had such authority. I do not know whether a deputy had stated to her that he had made this service or not; . . . that was the general orders of the office."

Mrs. Maude Perry testified that she signed the name of the sheriff upon his summons; that she understood the deputy sheriff to tell her that he had made service.

On the record and evidence adduced, the court found for the defendant and rendered judgment denying the injunction. There was sufficient evidence to sustain the finding and judgment of the court.

It has repeatedly been held that the return of a sheriff upon a summons as to matters within his personal knowledge is not open to contradiction or to be disproved by extrinsic evidence after the rendition of judgment. (*Ericson v. Charles,* 108 Kan. 205, 194 Pac. 652; *Orchard v. Peake,* 69 Kan. 510, 77 Pac. 281; *Goddard v. Harbour,* 56 Kan. 744, 44 Pac. 1055; *Eastwood v. Carter,* 9 Kan. App. 471.)

While the summons involved here was not served personally by the sheriff, no substantial reason is suggested why the same rule should not apply.

The judgment is affirmed.