No. 28,179.

DAVID SMOLINSKY, *Appellant*, v. THE FEDERAL RESERVE LIFE
INSURANCE COMPANY, *Appellee*.

(268 Pac. 830.)

Opinion filed July 7, 1928.

*Joseph Cohen,* of Kansas City, and *Philip L. Levi,* of Kansas City, Mo., for the appellant.

*Arthur J. Stanley,* of Kansas City, and *Ira B. Burns,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: David Smolinsky brought this action against the Federal Reserve Life Insurance Company to recover upon a judgment which had been rendered in his favor against the insurance company by a circuit court of Missouri. The trial in the Kansas court resulted in a judgment for defendant, from which plaintiff appeals, alleging error in the admission of evidence and errors in the findings of fact and conclusions of law.

The plaintiff was a druggist doing business in Kansas City, Mo. A Mr. Hammond and Mr. Rice came to his store on August 9, 1923, and solicited two sons of plaintiff to take out policies of insurance in the defendant company, which they did. Later they interviewed

the plaintiff and procured him to contract for insurance with the defendant. He paid part of the first premium in cash and gave his note to the defendant for the balance. The following day a medical examiner of the defendant appeared at plaintiff's store in Missouri and examined the plaintiff, as well as his two sons, and recommended the acceptance of the risk. A day or so later Hammond and Rice brought and delivered a policy to the plaintiff. Learning that the defendant was not authorized to do business in Missouri, and because of alleged misrepresentations in obtaining the contract, plaintiff brought an action in the circuit court of Jackson county, Missouri, against the defendant to recover back the premium he had paid on the policy. Summons was issued, which was served upon W. H. Gregory, the president of the insurance company and finally a judgment was rendered in favor of the plaintiff against the company for $676.90. In filing his petition the plaintiff attached a duly authenticated copy of the judgment, and that judgment was made the basis of the present action. In this action the defendant contested the Missouri judgment upon the ground that it was a nullity, in that the Missouri court had not acquired jurisdiction over the defendant, that a false return of the summons had been made by the sheriff as to the service upon Gregory, the president of the defendant. It appears that Ira B. Burns, an attorney of the defendant, appeared and moved to quash the service, and later, upon a motion of plaintiff to allow the sheriff to amend his return, he appeared again, but he said that he was then representing the sheriff. The motion to amend was allowed, and the following is the return as amended:

"Executed the within writ February 12, 1925, in Kansas City, Jackson county, Missouri, by delivering a copy of the same, together with a copy of the petition in the cause, to W. H. Gregory, president of the defendant corporation, which corporation is not incorporated by virtue of the laws of this state, and not authorized to do business in this state by the superintendent of insurance; that said W. H. Gregory has, during the years 1923 and 1924, and is still, soliciting insurance in the state of Missouri on behalf of said corporation, and has made contracts of insurance and collected and received premiums for insurance in the state of Missouri, on behalf of said corporation, and has aided and assisted in said acts, for and on behalf of said corporation."

No appearance was made in behalf of the defendant when the case was finally tried and the judgment rendered. In this action the court found among other things that the defendant is a Kansas corporation doing a life insurance business; that it had no author-

ity to do business in Missouri, and had not appointed any agent to represent it in Missouri; that it had appointed W. H. Gregory as state agent for Kansas, and that he had organized the Federal Agency Investment Company, and that all of the solicitation for insurance for the defendant was done by the agency company, and that the agency company was not authorized to solicit business in Missouri. It was further found that a man named Bantleon, who had been a salesman for a wholesale drug concern and had acquaintances among the druggists, including the plaintiff, became a solicitor for the agency company, and that contrary to instructions he had solicited insurance among his druggist friends in Missouri; but that neither the defendant nor the agency company knew of this action before the transaction in question. That other like poaching was intermittently done in Missouri, but was done without authority of defendant. Bantleon, it was found, was a new man, and for that reason was accompanied by trained solicitors when he was doing business for the company, and at his request medical examiners went to Missouri to examine applicants; that when prospective risks were accepted by the defendant it paid the medical examiner's fees. It was found that the plaintiff's risk was accepted in Kansas, and the policy issued there, but that it was delivered in Missouri. There was a finding that after the policy was issued W. H. Gregory was elected president of the defendant company, and that summons was served upon him while he was in Missouri attending his son's wedding; and further that he had transacted no business in Missouri. Ira B. Burns, attorney for defendant, it was found, had appeared and moved to quash the service of summons, but that this motion was withdrawn, and that on the motion to amend the return his appearance was made in behalf of the sheriff. The conclusions of the court were in effect that the defendant had not done business in Missouri so as to be amenable to service of process there; that the suit not being based upon a contract of insurance, the Missouri court could not acquire jurisdiction of defendant by virtue of a service under section 6312 of the Revised Statutes of Missouri of 1919; that the denial of plaintiff that a valid contract of insurance had been made rendered the service void under the Missouri statute mentioned, and therefore the judgment rendered was void. That the service made on Gregory and the judgment rendered did not constitute due process of law

under the federal constitution, and further that the judgment was not entitled to full faith and credit in Kansas.

Plaintiff complains of the ruling of the court in permitting the defendant to contradict the return of the sheriff who made the service on the defendant. The return on its face is regular, and the court of Missouri, after an examination, determined it to be a valid service. In that state the courts have uniformly held that the return of a serving officer, regular on its face, showing the facts and mode of service, is conclusive on the parties and that its truth can only be contraverted in a direct action against the sheriff for a false return. It was said:

"That this rule of law is founded in the necessity of the case, . . . [and that] 'to permit the parties to an action to contravert the truth of the return of the officer deputed by law to serve the process, would produce great delay and embarrassment in the administration of justice.'" (*Newcomb v. Railroad,* 182 Mo. 687, 704.)

See, also, *Realty Co. v. Packing Co.,* 112 Mo. App. 271, and authorities therein cited.

Again, the Missouri court received evidence upon the motion relating to the service of the summons, and upon these determined that the service was sufficient to vest the court with jurisdiction of the defendant and to give it authority to proceed to judgment. The finding of fact upon testimony is conclusive evidence of the fact and of jurisdiction. (*In re Wallace,* 75 Kan. 432, 89 Pac. 687; *Miller v. Miller,* 89 Kan. 151, 130 Pac. 681; *Barnes v. Brownlee,* 97 Kan. 517, 155 Pac. 962; *Smith v. Young,* 136 Mo. App. 65.) Recitals in the return of a sheriff as to matters not within the knowledge of the sheriff are not conclusive upon the parties, but it is well settled in this state that recitals within his personal knowledge are not open to contradiction or to be disproved by extrinsic evidence after the rendition of judgment. (*Goddard v. Harbour,* 56 Kan. 744, 44 Pac. 1055; *Orchard v. Peake,* 69 Kan. 510, 77 Pac. 281; *Ericson v. Charles,* 108 Kan. 205, 194 Pac. 652; *Duke v. Central State Bank,* 120 Kan. 99, 242 Pac. 471.) It will be observed that the return shows personal service on W. H. Gregory by the delivery of a copy of the writ and of the petition in the cause. It is conceded that Gregory was the president of the company when the service was made. Mention was made of the fact that he was in Missouri attending the wedding of his son, but there is no claim that he was

inveigled by plaintiff to go to Missouri in order that service upon him might be obtained, and it does not appear that there was any fraud in accomplishing the service. The return showed that service was made in compliance with the statutes of Missouri, and as the return contained the statutory requisites for a valid service it was not open to contradiction. The additional facts stated in the return relating to the solicitation of insurance in Missouri without authority, and which might not be within the personal knowledge of the officer, must be regarded as surplusage. In no way do they qualify the essential recitals showing a legal service. The return, therefore, was not open to contradiction, and was conclusive on the parties in that suit. Its truth, if questioned, can be controverted only by an action against the officer for a false return. It is the duty of our courts to give full faith and credit to judgments rendered by a superior court, and we are required to give the judgment the same effect in all respects as is given it in the state where it was rendered. (*Bleakley v. Barclay*, 75 Kan. 462, 89 Pac. 906.)

On the facts in the record not open to dispute, it is clear that the Missouri court had jurisdiction to render the judgment involved in this action, and that it was not open to the attack made upon it by the defendant.

It is unnecessary to consider some other questions raised by the plaintiff. The judgment of the district court is reversed and the cause remanded, with directions to enter judgment for the plaintiff.