No. 36,642

THE KACKLEY STATE BANK OF KACKLEY, *Appellee*, v. ALVA NICHOLS (Defendant), HAZEL I. NICHOLS, *Appellant*.

(179 P. 2d 186)

Opinion filed April 5, 1947.

*Ralph H. Noah*, of Beloit, argued the cause and was on the briefs for the appellant.

*Frank C. Baldwin*, of Concordia, argued the cause, and *Fred Swoyer*, of Belleville, and *Charles L. Hunt*, of Concordia, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This is an appeal by a judgment debtor from an order denying a motion to vacate the judgment. Appellant contends that the court was without jurisdiction to enter judgment against her.

Appellant and her husband were joint makers of a promissory note. In an action by appellee to recover on the note, both defendants answered with a general denial. The case was heard and the journal entry of judgment recites that the plaintiff, the Kackley State Bank, appeared by Fred Swoyer, its attorney, and that the

defendants appeared by N. J. Ward, their attorney; that upon a showing that the defendant, Alva Nichols, had taken bankruptcy subsequent to the filing of the action, the case was dismissed as to him upon request of the parties; that the allegations of the petition were true and that Hazel I. Nichols was indebted to the plaintiff in the sum of $1,117.63 with interest, aggregating $1,579.58, for which judgment was entered against her.

Subsequently, and during the same term of court, Hazel I. Nichols filed a motion to vacate the judgment, alleging that she had not been served with summons and had made no appearance in the case. She asked that the return of the sheriff be amended to show that he "attempted to serve the defendant, Hazel I. Nichols, by reading to the husband of the said Hazel I. Nichols said notice and summons in said suit." The motion to vacate did not allege that there was a valid defense to the action in which judgment had been entered.

At the hearing, the judgment-creditor objected to consideration of the motion insofar as it attempted to impeach the sheriff's return, on the grounds that all the facts recited in the return were clearly within the personal knowledge of the sheriff and could not be impeached by oral testimony. The court reserved its ruling on the competency of oral testimony and witnesses were called. It is unnecessary to recite much of the testimony. Mrs. Nichols denied that she had been served with summons, and the sheriff stated that he had delivered the summons personally to Mr. Nichols and left a copy with him for Mrs. Nichols and asked him to give it to Mrs. Nichols, but did not personally serve it upon her. Further testimony was heard upon the question of whether Mrs. Nichols had entered appearance by an attorney, N. J. Ward, in the original action. After having taken the matter under advisement, the court overruled the motion to vacate and filed the following memorandum:

"On consideration of the record and the legal questions involved, and pursuant to the order heretofore entered, taking this matter under advisement, the court now finds:

"1. The testimony offered in reference to the matter of service of summons upon the defendant, Hazel I. Nichols, was and is incompetent, and should be given no consideration.

"2. The Sheriff's Return is conclusive, especially after judgment, if it shows personal service on the defendant.

"3. Given liberal interpretation, as should be done after judgment, such return is reasonably susceptible of the meaning that the Sheriff made personal service of summons on said defendant.

"4. Any possible defect in or question as to the validity and effectiveness of the service on said defendant was waived by her appearance and answer by and through an attorney, as hereafter stated.

"5. The testimony produced as to the authority of the attorney to act for the defendant and to file an answer in her behalf and thus enter a general appearance for her in the action is not sufficient to overcome the presumption in favor of such authority which the court must indulge.

"6. The court is unable to give full credit to the testimony of the defendant and her husband as to such matter, and believes and finds to the contrary that each of them authorized said attorney to represent them in this action to the extent and in such manner as his judgment should dictate was in their best interest; and that the answer and consequent general appearance was thus filed and entered by him.

"Some significance may properly be given to the admitted fact that this defendant owned no assets at the time such appearance was made for her out of which plaintiff could realize on its claim; that since then she has acquired assets that give rise to the possibility the same may be subjected to the payment of the judgment against her; and further that if it be held there was no valid service or authorized appearance in this action by said defendant, any right of action by the plaintiff is now barred under the statute. These facts were considered by the court in determining the weight and credit to be given to the testimony produced in behalf of the defendant.

"7. From the foregoing it will be seen that it is in truth immaterial whether there was in fact valid service of summons upon the defendant, since the conclusion as to the authority of the attorney is sufficient to and does compel denial of relief to the defendant under the pending special appearance and motion to vacate the judgment.

"The Motion should be overruled."

The sheriff's return reads as follows:

"Received this writ, March 10th, 1945, at 5 o'clock, P. M. Served the same by delivering a copy thereof, duly certified, with the endorsements thereon *to each within-named defendant, personally,* at the times following, towit:

"Alva Nichols, Courtland, Kansas, Personally 3/10/45. .

"Hazel I. Nichols *with husband* 3/10/45.

"William S. Trask, Sheriff." (Italics supplied.)

Clearly the return was not invalid upon its face. Appellant contends that the words "with husband" appearing on the return indicate lack of personal service. The presence of those words might arouse some doubt as to personal service, but we cannot say that they compel a conclusion that there was no personal service upon Mrs. Nichols.

In a series of cases, we have refused to permit a sheriff's return to be impeached as to matters clearly within his personal knowledge. In the early case of *Starkweather v. Morgan,* 15 Kan. 274, the facts

in regard to service of summons and the return made were very similar to those in the instant case. The wife moved to have the return of service of summons upon her set aside. The service was sustained on the grounds that the return of the officer was of the highest order of evidence as to matters within his personal knowledge therein recited. Subsequent cases have followed this rule. *Goddard v. Harbour*, 56 Kan. 744, 44 Pac. 1055, 54 A. S. R. 608; *Ericson v. Charles*, 108 Kan. 205, 194 Pac. 652; *Warren v. Wilner*, 61 Kan. 719, 60 Pac. 745; *Orchard v. Peake*, 69 Kan. 510, 77 Pac. 281; *Smolinsky v. Federal Reserve Life Insurance Co.*, 126 Kan. 506, 268 Pac. 830, 59 A. L. R. 1394.)

In *Duke v. Central State Bank*, 120 Kan. 99, 242 Pac. 471, the action was on a promissory note against three defendants. The sheriff's return showed service at the residence of A, and personal service on B and C. Judgment by default was entered against all defendants. Execution was issued and levy made upon real estate belonging to defendants B and C, who subsequently brought action to enjoin sale of their property, for the reason that they were not served with summons in the action. The sheriff himself filed a motion asking to correct his return to show no service instead of personal service. He testified that he did not sign the return, and did not know the facts in regard to service other than shown by the return. His office girl testified that she had signed the return—which she had authority to do—reporting the facts as she understood them from the deputy who served the summons. Nevertheless, injunction was denied, the court holding that, "The return of a sheriff upon a summons as to matters within his personal knowledge is not open to contradiction or to be disproved by extrinsic evidence after the rendition of judgment." In the opinion the following supporting cases were cited: *Ericson v. Charles, Orchard v. Peake, Goddard v. Harbour*, all supra, *Eastwood v. Carter*, 9 Kan. App. 471, 61 Pac. 510.

We do not need, in this case, to go as far as the court went in the Duke case. But the most that could be said against the instant return is that it was *voidable*. Assuming that the return could be impeached by testimony of the sheriff that he did not personally serve it and that it was therefore voidable, it is to be noted that in the motion to vacate the appellant did not allege a valid defense, nor did she offer any testimony that she had a valid defense on the note. Section 60-3013, G. S. 1935, provides as follows:

"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered."

See, also, *Warren v. Wilner*, supra, in which, under facts similar to those of the instant case, the court said:

"Mrs. Warren seeks to impeach the return of the sheriff and to overthrow the judgment by her own testimony that no service was made on her, and that the appearance of the attorney for her was unauthorized. She does not state that she was ignorant of the pendency of the action or of the return which the sheriff had made, and, *besides, there is no showing that she had a defense to make if the judgment were set aside."* (p. 720.) (Italics supplied.)

The opinion might well end here, but we have given consideration to appellant's second contention that Ward had no authority to represent her, and cannot say that under all the facts and circumstances disclosed, the trial court's finding on this point was not supported by any substantial evidence. Such being the case, we cannot disturb it. The debts of the defendants were discussed at Ward's office prior to filing the action in bankruptcy, and Ward testified that appellant assisted him in making out the bankruptcy schedules. This was prior to the trial of the action on the note. Ward testified:

"It is my recollection when we filled out the schedules, we were just talking about Alva and his job, and that was the purpose of it, and that was all we talked. She helped him furnish the information about those other claims, because I told them they would have to list all their creditors, to be proved . . . that he would have to. I knew there was a suit. I see I have a copy of the summons in the files. He handed that to me.

"Q. And you thought at that time, by what transpired there, you thought at that time you had authority to do such things as were necessary to be done for those people about the matter about which they were consulting you? A. That is right.

"Q. And when you filed the answer you believed that was the thing you were supposed to do to properly protect the interest of both of these people who had consulted you? A. That is right. I thought it was the thing to do under the circumstances.

"Q. You never heard anything then of any complaint after that action until three or four weeks ago, is that right? A. I think so.

"Q. (By the court.) You said awhile ago that along in April, when their, when they were discussing bankruptcy, you, between you, considered the bankruptcy of Mrs. Nichols and decided against it. Is that the situation? Do I understand you correctly? A. I am just a little bit uncertain about that, for this reason: When she was in complaining to me about this bankruptcy she said that I told her, or led them to think, that the bankruptcy was to get her a discharge, the same as his, I said 'Mrs. Nichols, as I recall, I could be wrong,

I think we talked about it, and decided it would cost that much more than the deposit was, and that you folks couldn't afford it at that time,' and that is what I told her the other day. That is my recollection of it, and I rather think that came up at the time of the schedule, although I could be mistaken."

Alva Nichols testified, in part:

"Q. You knew she had been sued, too, didn't you? A. No.

"Q. You say he read the summons to you? A. Yes, sir.

"Q. The first line of the summons reads 'you are hereby commanded to notify Alva Nichols and Hazel I. Nichols that they have been sued.' Did he read that to you? A. Yes."

It is well settled that when an attorney appears in an action to represent parties, the presumption is that he has the authority to do so. (*Overlander v. Overlander*, 129 Kan. 709, 284 Pac. 614; *Clark v. Lilliebridge*, 45 Kan. 567, 26 Pac. 43; *Lamme v. Schilling*, 25 Kan. 92; *Kerr v. Reece*, 27 Kan. 469; *O'Flanagan v. Case*, 41 Kan. 183, 21 Pac. 96.)

We find no error and the judgment is affirmed.